## C. G. SOMERS ET AL. V. JOSEPH VLAZNEY.

FILED APRIL 2, 1902.   No. 11,255.

Commissioner's opinion, Department No. 1.

1. **Liquor-License: PETITION.** Under section 25 of chapter 50, Compiled Statutes, a petition for a license to sell malt, spirituous and vinous liquors is sufficient if signed by thirty resident freeholders of the ward or village where the sale of such liquors is to take place, and, in case there are less than sixty resident freeholders in such ward or village, the petition is sufficient if signed by a majority of the resident freeholders of such ward or village.

2. **Intoxicating Liquor: LICENSE: REMONSTRANCE.** Under section 3, chapter 50, Compiled Statutes, the right to protest or remonstrate against the issuance of a license is not confined to residents of the ward or village where the intoxicating liquors are sought to be sold.

3. **Evidence.** Evidence examined, and *held* to support the judgment.

ERROR from the district court for Madison county. Tried below before ALLEN, J. *Affirmed.*

*William M. Robertson* and *George L. Whitham,* for plaintiffs in error.

*John B. Barnes, contra.*

DAY, C.

On April 11, 1899, Joseph Vlazney filed with the clerk of the city of Norfolk a petition in the usual form, praying for a license to sell malt, spirituous and vinous liquors in the first ward of said city. The usual notice of his application was duly published as required by law. Before the hearing upon the application, C. G. Somers and G. L. Whitham filed a protest or remonstrance with the city counsel against the issuing of the license, alleging, among other reasons, that the names of thirty resident freeholders of the ward were not signed to the petition; that during the previous year the applicant had a license to sell liquors, and during said year had violated the provisions of chapter

50 of the Compiled Statutes by selling intoxicating liquors to minors, and by keeping screens and blinds upon the windows and doors of said place of business and so obstructing the public gaze. At the hearing before the council the remonstrance was overruled, and a license was ordered issued as prayed. The remonstrators prosecuted an appeal from the decision of the council to the district court, where, upon hearing, the action of the council was sustained. To review the judgment of the district court the remonstrators have brought the case to this court by proceeding in error.

The evidence shows there were thirty-three resident freeholders in the first ward of said city at the time the petition and bond were filed and the notice of the application given. The petition was signed by twenty-three persons, nineteen of whom were resident freeholders in the ward and qualified to sign the petition. Section 25 of chapter 50 of the Compiled Statutes of Nebraska provides that "in granting any license the petition therefor shall be sufficient if signed by thirty of the resident freeholders, or if there are less than sixty, a majority of the freeholders of the ward or village where the sale of such liquors is to take place." The evidence showed that there were but thirty-three resident freeholders in the ward, nineteen of whom signed the petition. This was a majority and a compliance with the statute. The objection urged upon the ground that the petition did not have thirty signers is not well taken.

The district court held that remonstrators, being nonresidents of the first ward, had no interest therein entitling them to remonstrate against the issuance of the license, and that, therefore, the case stood precisely as it would had no remonstrance been filed. In so holding we think the court erred. Section 3 of chapter 50 of the Compiled Statutes of Nebraska provides: "If there be any objection; protest, or remonstrance filed in the office where the application is made against the issuance of said license, the county board shall appoint a day for the hearing of said case, and if it shall be satisfactorily proven

that the applicant for license has been guilty of the violation of any of the provisions of this act within the space of one year, or if any former license shall have been revoked for any misdemeanor against the laws of this state, then the board shall refuse to issue such license." The policy of the law regulating the sale of intoxicating liquors is to place the sale of such liquors in the hands of peaceable, law-abiding persons, and with that in view requires the applicant to be "a man of respectable character and standing and a resident of this state." The publication of the notice is for the very purpose of giving the fact of the application publicity, to the end that any person who has a good reason to protest against the issuance of the license may remonstrate if he desires to do so. The statute does not confine the right to protest to the residents of the ward where the intoxicating liquors are sought to be sold. A fair construction of its provisions gives the right to protest to any one who desires to remonstrate.

One of the reasons urged by the remonstrators against the license was the claim that two of the members of the council had signed the petition for the license. The proof, however, showed that while Councilman Uhl had signed his name to the petition it had been by his direction stricken off before the hearing, and, besides, he did not vote upon the question of granting the license when that question was passed upon by the council. Objections urged against Brummond on the ground that he had signed the petition were not sustained, it being shown that it was his wife's and not his name attached to the petition.

Another reason urged by the remonstrators against the license was that the applicant had, during the previous year, sold intoxicating liquors to minors, in violation of the law. It was shown that he was convicted of such an offense before the police court, but the applicant showed that the case had been properly appealed to the district court, and was then pending and undetermined. There was therefore no competent evidence of his previous viola-

tion of the law with respect to the matter charged. It was shown there was a screen standing from six to ten feet from the entrance of the door to the room, but it is not shown that the vision of any one desiring to look into the building was successfully obstructed, or that there was any intention on the part of the applicant to obstruct the public gaze.

While we do not agree with the reasons upon which the court based its judgment, we think the judgment was right. The error was without prejudice. We therefore recommend that the judgment of the district court be affirmed.

HASTINGS and KIRKPATRICK, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is

AFFIRMED.