Swihart v. Hansen.

---

MAY SWIHART ET AL. v. H. C. HANSEN.

FILED MAY 17, 1906. No. 14,335.

1. Possession of real estate is some evidence of title, but evidence of possession is not sufficient of itself to establish a freehold estate.

2. Intoxicating Liquors: LICENSE: EVIDENCE. In a hearing upon a remonstrance against granting a license for the sale of liquor, a witness who testifies that the petitioners told him they were freeholders, and that he examined a list of freeholders of a village prepared by the county clerk, does not thereby qualify himself to testify who the freeholders of the village are.

ERROR to the district court for Washington county: WILLIS G. SEARS, JUDGE. *Reversed with directions.*

*Kirkpatrick & Hazen,* for plaintiffs in error.

*F. Dolezal, contra.*

JACKSON, C.

The defendant in error applied to the village board of Kennard, Nebraska, for a license to sell liquor at retail. The plaintiffs are remonstrators who objected to the granting of the license. The remonstrance was overruled, and the remonstrators appealed to the district court, where the findings of the village board were approved and the license issued. From the judgment of the district court the remonstrators prosecute error.

Several questions are discussed, both in the briefs and

upon oral argument, only one of which we deem it important to notice. One of the grounds of remonstrance was that the persons who signed the petition for license were not freeholders. The only evidence on that branch of the case is found in the testimony of the applicant. In substance it is that one of the petitioners exhibited a deed to the property that he was in possession of; that all the petitioners informed him they were freeholders; that he procured from the county clerk a list of the freeholders in the village so that he knew who the freeholders were; and his testimony, based upon that information, was to the effect that all of the signers were freeholders. There is evidence that some of the persons signing the petition were in the possession of real estate in the village. The list provided by the county clerk, from which the applicant testified, was not exhibited at the hearing or put in evidence. The admission of this evidence was met with an objection, and attacked by motion to strike it out, after the testimony of the applicant was closed, and is now assailed for the reason that it is entirely incompetent to establish the qualifications of those signing the petition.

The statute requires the petition in such cases to be signed by resident freeholders, and where the qualifications of the signers to a petition for the sale of liquor are put in issue by a remonstrance, the burden is upon the applicant to show by competent evidence that the petitioners do possess the qualifications required. A hearing upon an application for a liquor license, from the nature of things, is somewhat informal, but this condition does not obviate the necessity of competent proof. The testimony of the applicant, based upon the list provided by the county clerk and statements made to him by petitioners, was hearsay and incompetent. Evidence of the possession of real estate is some evidence of title, but of the lowest degree. It falls short of being sufficient to establish a freehold estate. In our judgment the objection of the plaintiffs in error is well taken, and the judgment of the district court is erroneous.

It is recommended that the judgment of the district court be reversed and the cause remanded, with instructions to reverse the findings of the village board.

DUFFIE and ALBERT, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is reversed and the cause remanded, with instructions to reverse the findings of the village board.

REVERSED.