ANDREW B. STARKEY ET AL., APPELLANTS, V. SAMUEL L. PALM, APPELLEE.

FILED DECEMBER 18, 1907.  No. 14,975.

Intoxicating Liquors: LICENSE: PETITION: FREEHOLDER. The statutory qualification of a freeholder as a petitioner upon an application for a saloon license does not require evidence so conclusive as would be requisite to enable him to recover in ejectment against an adverse claimant, but it is sufficient if he has by record or documentary evidence, or both, and in good faith claims and believes himself to have a freehold estate in lands within the prescribed district within which he resides.

APPEAL from the district court for Dundy county: ROBERT C. ORR, JUDGE. *Affirmed.*

*W. S. Morlan* and *R. D. Druliner,* for appellants.

*D. G. Hines* and *Boyle & Eldred, contra.*

AMES, C.

This is an appeal from a judgment of the district court affirming an order of the trustees of the village of Benkelman granting a saloon license. The sole objection is that certain of the petitioners lacked the qualification of being freeholders. Concerning this qualification we are of the opinion that the statute does not require evidence so conclusive as would be requisite to enable the petitioner to recover in ejectment against an adverse claimant. So strict a rule would prolong the hearing of a remonstrance indefinitely, and entail an expenditure of time and money so great as practically to convert the statute into an absolute prohibitory law, which was evidently not the legislative intent that it should be. We think the statute is satisfied if the petitioner has by record or documentary evidence, or both, and in good faith has and claims a freehold estate in lands within the prescribed district within which he resides.

Two of the petitioners had purchased and acquired title

to a village lot some six months before signing the application. Something more than a month prior to that time they had entered into an executory contract for the sale of the same, conditioned upon the payment of the purchase price four months thereafter. Meantime they were to retain the title, and may still retain it for aught that we know. They, of course, were before the making of the contract, and afterwards continued to be, freeholders. Counsel suggests that such a transaction or a similar one might be made use of as a fraudulent device for the colorable qualification of petitioners. In such case the courts would, upon due proof, doubtless treat it accordingly, but there is no evidence that this is an instance of that kind. Another petitioner had purchased a lot subject to tax liens about a month before signing the petition. He gave no reason for making the purchase, but there is no evidence that it was colorable, that is, not a real purchase and acquisition of the title, and if it was such his motive is immaterial, but there is no evidence as to his motive. Another petitioner was the purported grantee in a deed executed some ten years previously, but not filed for record until about two months before signing. Her name seems to have been written in place of that of another as grantee, which latter had been erased. The erasure and substitution might have been innocent, and the court will not, without proof, presume it to have been fraudulent and criminal. As to several other deeds, it was shown that they were obtained shortly before signing, and recited nominal considerations only, and that some of them were acknowledged before a notary public who was also attorney for the applicant; and hence it is urged that the motive of the grantees was to qualify themselves as petitioners. This, however, is an inference or suspicion only, and not supported by proof. There is not shown any concert of action between the several grantees or grantors, nor any conspiracy between either and the applicant, nor is it shown that in any instance the title acquired was colorable only, and, as we have said, the law does not make the motive material, pro-

vided the character of the freehold is actual or *bona fide,* not pretended. Four of the petitioners were grantees by several deeds from one Hundley, who is alleged to have held the title as trustee of a partnership or corporation called the "Northwestern Cattle Company," but there is no competent proof of the assertion, and, if it be true, it does not appear whether the company authorized or ratified the transfer. The conveyances will not be presumed to have been breaches of trust. Counsel cites and relies on *Colglazier v. McClary & Martin,* 5 Neb. (Unof.) 332. We do not think that opinion is sufficient to warrant a reversal in this case. Under the statute as it now is the only question for the courts in this regard is whether the petitioners are in good faith and reality, as distinguished from colorable, freeholders.

The evidence does not convince us to the contrary, and we think that the judgment of the district court is right, and recommend that it be affirmed.

FAWCETT and CALKINS, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is

AFFIRMED.