JOHN W. MARICA, APPELLANT, V. LAWRENCE YOST ET AL., APPELLEES.

FILED JANUARY 20, 1910. No. 15,903.

Intoxicating Liquors: APPLICATION: FREEHOLDER. "One made a freeholder for the sole purpose of qualifying him as a petitioner for a liquor license is not a *bona fide* freeholder within the meaning of the liquor law." *Dye v. Raser*, 79 Neb. 149.

APPEAL from the district court for York county: GEORGE F. CORCORAN, JUDGE. *Affirmed.*

*France & France,* for appellant.

*Power & Meeker,* contra.

ROSE, J.

The trustees of the village of Benedict granted plaintiff a license to sell intoxicating liquors during the municipal

year beginning in 1908. Defendants were remonstrators, and from the order of the village trustees appealed to the district court, where the license was revoked. From the judgment of the district court plaintiff has appealed.

Defendants resisted the license on the ground that five of the petitioners were not *bona fide* freeholders of the village of Benedict, within the meaning of the law. If three of those thus challenged were disqualified, the village trustees, for want of a petition by thirty freeholders, were without jurisdiction to issue the license, and in that event it was properly canceled by the district court. On this issue there is proof tending to show these circumstances: One of the petitioners challenged had only lived in the village a year and a half. January 22, 1908, he bought from a saloon-keeper, who intended to become an applicant for a license, a lot in a ravine west of town for $15. There were no buildings or fences on the lot, and petitioner had not cultivated it. He did not know the boundaries, and admitted he never had any benefit from the lot except to be a petitioner. He owned no other realty. When asked on the witness stand his purpose in buying the lot, he replied: "Why, to be a freeholder." After he made his purchase the saloon-keeper who conveyed it to him accosted him on the street and asked him if the deed had been recorded. It had been intimated to him that he bought the lot with the purpose of becoming a petitioner and he did not at the time deny the imputation. After he petitioned for the license he signed and acknowledged a deed to the lot for the price of $16 and had the deed in his pocket for delivery to the purchaser, but tore it up after the remonstrance was brought to him. This is not intended as a summary of the testimony relating to his qualifications. The purpose is to show some of the circumstances of which there is proof. They indicate that petitioner was not qualified, within the meaning of the rule that "one made a freeholder for the sole purpose of qualifying him as a petitioner for a liquor license is not a *bona fide* freeholder." *Cohn v. Welliver,* 84 Neb.

230; *Dye v. Raser*, 79 Neb. 149. Under the issue raised by the remonstrance the burden was on applicant to show that petitioner was a *bona fide* freeholder. *Swihart v. Hansen*, 76 Neb. 727. There was a general finding in favor of remonstrators. This included the finding that petitioner was not qualified as such, and it cannot be held under the circumstances narrated, when considered with all the proof, that the finding was without support in the evidence.

Another petitioner asserted ownership of a lot in a ravine. He bought it in February, 1908. The title came from a saloon-keeper and prospective applicant for a license, through his bartender, not long before the petition was signed. One witness said the lot had no market value, and the circumstances were such as to justify the finding of the trial court that the petitioner was not a *bona fide* freeholder within the meaning of the rule stated. Testimony relating to the qualification of another petitioner justified the trial court's finding that his residence in the village had not been established. The disqualification of the three petitioners mentioned left the village trustees without jurisdiction to issue the license, and error does not affirmatively appear in the judgment revoking it.

AFFIRMED.