W. E. WINTERRINGER, APPELLANT, v. C. O. SELLEN ET AL., APPELLEES.

FILED FEBRUARY 12, 1915. No. 18,827.

1. **Appeal:** BRIEFS. It is the duty of counsel in briefing a case for this court to comply with the rules, and so assist the court in the ready transaction of its business. If they fail to do so, the court will still correct any manifest error observed in the record, which is of such a nature as to have probably caused a miscarriage of justice.

2. **Intoxicating Liquors:** LICENSE: APPLICATION: REQUISITES: PROOF. In an application for a liquor license, the petition must state the

matters prescribed by the statute, and must be signed by the requisite number of resident freeholders. If a remonstrance is filed denying the allegations of the petition, the burden of proof is upon the applicant to establish those allegations. It is not required to establish the ownership of real estate for each of the petitioners, as in cases of trial of titles.

3. ————: ————: FREEHOLDERS: PROOF. In such case, when the remonstrants deny that any of the petitioners are freeholders, and refuse to admit the qualifications of those in regard to whom there is in fact no question, the signers may be called as witnesses, and if a signer of the petition testifies orally that he is the owner in good faith of certain specified real estate in the village, and in possession thereof, such testimony is *prima facie* evidence that he is a freeholder.

4. ————: ————: ————: ————. Resident freeholders, counted on the petition or for the purpose of making a larger number of signers necessary in a village of less than 60 freeholders, must own real estate in the village in good faith. If a small tract of land is conveyed to several persons for the purpose of qualifying them as freeholders in petitioning for license, or for the purpose of preventing the granting of license, such persons are not thereby qualified as freeholders, within the meaning of the statute.

5. ————: ————: BURDEN OF PROOF: ORDINANCE. When a remonstrance duly filed with the village board specifically alleges that there is no ordinance of the village authorizing the issuing of a license, the burden is upon the applicant to prove the existence of such ordinance, and without such evidence no license can be granted.

APPEAL from the district court for Wayne county: ANSON A. WELSH, JUDGE. *Affirmed.*

*Kingsbury & Hendrickson,* for appellant.

*A. R. Davis* and *Fred S. Berry, contra.*

SEDGWICK, J.

This appellant applied to the village board of the village of Sholes, in Wayne county, for a liquor license. A remonstrance was filed, a hearing had, a large amount of evidence taken, and the board granted the license. The remonstrants appealed to the district court for that county, and upon trial in that court the decision of the village

Winterringer v. Sellen.

board was reversed and the license canceled. The appli-
cant has appealed to this court.

The appellant has not complied with the rules of this
court in the preparation of his brief. He has not given
us the assistance which he might and should have given us.
He has practically disregarded rule 12. He relies upon the
insufficiency of the evidence to sustain the verdict, and has
presented us with a record of more than 400 sheets of evi-
dence. There is no attempt to refer "with particularity
by question and page to the evidence in the record sup-
porting the contention made," nor to state separately "the
propositions of law relied upon as necessarily involved in
the decision of the case * * * numbered and separately
stated, concisely and without argument or elaboration, and
authorities relied upon as supporting them * * * cited
with each proposition, respectively." His argument does
not follow his brief "distinct therefrom."

He presents one proposition of law with some degree of
compliance with the rule, and we have therefore examined
that proposition with usual care. He says that the trial
court decided "that, because the petitioners had not intro-
duced the deeds in evidence, we failed to prove that the pe-
titioners were freeholders." He does not refer us to the
part of the record that contains such a decision; but, as
that question appears to be involved in the case and is
presented in both briefs, it appears to call for determina-
tion.

The petition for license is jurisdictional. It must state
the matters prescribed by the statute, and must be signed
by the requisite number of resident freeholders. If a re-
monstrance is filed denying the allegations of the petition,
the burden of proof is upon the applicant to establish those
allegations. The petition in this case contains the neces-
sary allegations. The remonstrance denies generally all of
the allegations in the petition. It then specifically denies
each of those allegations, and denies that the purported sig-
natures appearing on the petition and application are genu-
ine, and that any of the persons whose names appear on the
petition are resident freeholders of the village. It also de-

nies other jurisdictional matters. The applicant contends that the evidence in this record shows that there were only 18 resident freeholders in the village, and, as the statute provides that when there are less than 60 resident freeholders in the village a majority thereof shall be sufficient as signers of the petition, in this case 10 signers of the petition would be sufficient. Without determining whether the proper construction of the statute is that so small a number of petitioners is sufficient to justify the granting of a saloon license in a village, we will examine the question of law which the applicant presents. When there are 60 resident freeholders in a village, which is generally the case, there must be at least 30 signers of the petition. If it is necessary to establish the ownership of real estate for each one of these petitioners in the manner usually followed when titles are in dispute, the record would become very large, as is the record in this case, and the expense of the litigation would be proportionately increased. The difficulties of the trial would also be increased and the labor of the courts upon appeal. Fair dealing upon the part of the remonstrants would dictate that they should admit of the qualifications of those signers who are clearly qualified, and should specify with particularity in their remonstrance the names of those signers whose qualifications they intend to contest and the ground of such contest. If it is said that the proceedings before a village board, being before an administrative body, are not expected to be formal and accurate, it must also be conceded that the rules of evidence are not applied with the same strictness as in courts of justice. Even in the courts, when questions of title are not directly involved, the rule requiring the best possible evidence is relaxed, and in many cases it is permitted to introduce oral evidence of ownership and possession.

We think that when, as in this case, the remonstrance contains only a general denial of the qualifications of any and all of the signers of the petition, those signers may be called as witnesses, and when a signer of the petition testifies that he is the owner in good faith of certain specified

real estate in the village, and in possession thereof, such testimony is sufficient *prima facie* evidence that he is a freeholder. The brief of the applicant furnishes us but very little assistance in analyzing this evidence to determine which of these signers are and which are not qualified. The brief of the remonstrants assumes that the law is that no evidence is competent to show that these signers are freeholders except the best possible evidence of title to real estate. The evidence which he refers to in the record shows that very few of these signers produced their title deeds; but, as we have already said, oral evidence of ownership and possession was competent under the issues in this case.

The applicant, in support of his contention that there are but 18 resident freeholders in the village, contends that the remonstrants fraudulently conveyed real estate to a number of citizens for the purpose of increasing the number of resident freeholders. It appears that one of the remonstrants, who was greatly interested in preventing the issuing of a license, while the application was pending before the board, conveyed to 11 or 12 individuals an unimproved village lot. He testified that he sold the lot to these individuals for a tennis ground at an agreed price of $200; that some of them paid their proportion in cash upon delivery of the deed, others gave their promissory notes, and to several of them, among whom was a near relative of his residing in his family, he donated an undivided interest.

We have frequently held that the conveyance of real estate to a number of individuals to enable them to become signers upon the applicant's petition would not constitute such persons as freeholders, within the meaning of the statute. Of course, the same rule should be applied to the remonstrants. The object of the statute is to exclude transient persons who are without substantial interest in the matter, and to leave the final authority for authorizing saloons in the village to permanent residents who have substantial interest in the public welfare. When a small and not very valuable tract of land is conveyed to a large number of persons, instead of conveying to a trustee for such purpose, and this conveyance is made while the contest is

pending, and it is immediately insisted by those who are opposing the license that the grantees in such deed must be counted as freeholders for the purpose of preventing the granting of a license, the transaction would seem to come within the principle that has so frequently been applied to prevent the granting of a license upon the petition of such signers. Some of the grantees in this deed, it is claimed, were already freeholders of the village, and others were nonresidents; but they appear to have all been opposed to the granting of the license and to have assisted in contesting the same. It is difficult to ascertain from this record how many resident freeholders there are in the village. Counsel have limited their efforts upon this question to the inquiry whether the grantees in this deed were thereby qualified as freeholders, and have not in other respects given us much assistance in the examination of this record.

The remonstrants urged several grounds in support of the decision of the trial court, and, among them, it is contended that there was no ordinance of the village authorizing the granting of a license. The remonstrance filed with the board specifically alleged that there was no such ordinance, and now it is contended that there is no evidence in this record tending to show that such ordinance was ever enacted. It has frequently been held that such ordinance is necessary, and that the village board are without jurisdiction to grant a license in its absence. When it is specifically alleged in the remonstrance that no such ordinance existed, it devolves upon the applicant to furnish *prima facie* evidence, at least, of the existence of such an ordinance. The applicant has not referred us to any such evidence in this record, and we have not observed any.

The evidence is not sufficient to justify the issuing of a license, and the judgment of the trial court is therefore

AFFIRMED.

MORRISSEY, C. J., not sitting.

Winterringer v. Sellen.

ROSE, J., dissenting.

I dissent from all of the opinion except what relates to the affirmance. The judgment of the district court is affirmed on the sole ground that there is no proof of an ordinance authorizing the issuance of a license. If this ruling is correct, nothing else is essential to a decision on the merits of the appeal. All other expressions in the opinion of the majority are dicta. They are not binding as precedents. They obscure or confuse former decisions. Litigants with undetermined controversies are entitled to the time devoted to the preparation and the consideration of dicta. The public expense incident to the preparation, consideration and publication of opinions not necessary to a decision should be avoided. The official reports of decisions should not be incumbered by extraneous matter. In the future the supreme court should not be embarrassed by expressions of opinion not necessary to a decision in a former case. Owing to a statute requiring reiteration of settled principles of law, opinions have already been multiplied beyond reason.

The opinion of the majority, as I understand it, contains dicta at variance with rules of law deliberately announced by a unanimous court. A practice essential to the dispatch of judicial business requires an appellant to specifically point out the errors of which he complains. In my judgment there has been an attempt in the opinion of the majority to modify this rule by a dictum, and the method of proving that petitioners for a license are freeholders has been questioned, if not unsettled. *Swihart v. Hansen,* 76 Neb. 727; *Starkey v. Palm,* 80 Neb. 393; *Rosenberg v. Rohrer,* 83 Neb. 469. The dictum relating to the duty of remonstrants to admit the qualification of known resident freeholders is contrary to the following doctrine announced in *Swihart v. Hansen,* 76 Neb. 727: "Where the qualifications of the signers to a petition for the sale of liquor are put in issue by a remonstrance, the burden is upon the applicant to show by competent evidence that the petitioners do possess the qualifications required." To the same effect: *Rosenberg v. Rohrer,* 83 Neb. 469. If the

dictum in the fourth paragraph of the syllabus implies that remonstrants must be freeholders, it is at variance with the former opinion holding: "Under section 3, chapter 50, Compiled Statutes, the right to protest or remonstrate against the issuance of a license is not confined to residents of the ward or village where the intoxicating liquors are sought to be sold." *Somers v. Vlazney*, 64 Neb. 383. I cannot concur in dicta thus changing or modifying or indirectly overruling former decisions.

LETTON, J., concurs in the dissent.