## J. E. Hawthorne, Appellant, v. German Alliance Insurance Company, Appellee.

1. INSURANCE—*contract.* A contract of insurance may be by parol.

2. INSURANCE—*credit for premium.* An insurance company may waive its general rule requiring premiums to be paid before policies shall take effect and give credit for a premium until called for.

3. INSURANCE—*parol agreement to renew policy.* An agent of an insurance company, with full power to receive proposals for insurance, make rates and issue policies and renew the same, has power to bind the principal by a parol. agreement to renew a policy.

4. INSURANCE—*when error to direct verdict.* In an action on a contract to renew a policy of fire insurance, where the agents of defendant insurance company agree orally to issue policies of insurance on plaintiff's grain for ninety days and at the expiration of that period, unless otherwise ordered, to keep the policies in force, and the policies are issued and the premiums paid for ninety days and after ninety days the grain is destroyed by fire, there being evidence that it was customary for plaintiff to pay premiums when statements were sent at the end of thirty days after a policy was issued, it is error to direct a verdict for defendant.

5. EVIDENCE—*as to custom of paying insurance premiums.* In an action on a contract to renew a policy of insurance, evidence as to the

custom of dealing between the parties in regard to payment of premiums is admissible.

Appeal from the Circuit Court of McLean county; the HON. COLOSTIN D. MYERS, Judge, presiding. Heard in this court at the October term, 1912. Reversed and remanded. Opinion filed April 18, 1913. Rehearing denied and opinion modified May 16, 1913.

WIGHT & ALEXANDER and DE MANGE, GILLESPIE & DE MANGE, for appellant.

BARRY & MORRISSEY, for appellee.

MR. JUSTICE CREIGHTON delivered the opinion of the court.

This was an action in *assumpsit* brought by appellant against the appellee company, to recover upon an alleged contract made by appellee to renew a policy of fire insurance.

Issues were joined and the cause heard by the court and a jury, and at the close of the evidence on the part of the appellant, the court, at the request of the appellee, gave the jury a peremptory instruction, directing them to find the issues for appellee. The jury so found and judgment was entered against appellant for costs, and, thereupon, this appeal was perfected.

The facts disclosed by this record may be stated as follows: that Fleming & Chisholm were the agents of the appellee, and a copy of their commission or authority to so act was introduced in evidence; that on the morning of the 28th day of December, 1910, the appellant called appellee's agents at Bloomington on the phone and said to them: "I want two policies of insurance for $850 each, one against grain in the east elevator and one against grain in the west elevator, making the loss, if any, payable to J. A. Edwards & Co., of Chicago, policies for ninety days, and at the end of that period, unless you are otherwise ordered,

keep the policies in force,'' and the agent replied: ''All right, we will take care of it.''

The policies of insurance were issued as agreed on, on said day, for the period of ninety days, delivered to the appellant and the premiums therefor were, afterwards, paid in January. The policies were forwarded under an agreement to Edwards & Co., of Chicago, and were in their custody at the time it is contended the renewals should have been made. On the 17th day of April, 1911, the east elevator and the grain therein were destroyed by fire, and a total loss of more than the policy in controversy was written for, was sustained by appellant. The policy on the grain destroyed was assigned by Edwards & Co., to appellant, and notice and proof of loss given. On the morning after the fire appellant went in person and notified the agents of appellee that he had sustained the loss, and asked about the renewal of the policy in question according, as he contended, to the oral contract. Proof of loss was returned by appellee to appellant, they declining to act in the premises, and denying all liability.

Upon the trial of the cause the appellant appeared as a witness in his own behalf and testified that he had been transacting insurance business with the agents of the appellee at Bloomington, Fleming & Chisholm, for four or five years; that he was in the grain business and had been since 1896; that the practice and custom between him and appellee's agents was to pay premiums when statement was sent at the end of thirty days after the policy was issued, and that such had been the custom between them for about five years; that the policy here in question was issued to him in compliance with the conversation had with the agents over the phone; that he was the owner of the premises and contents at the time of the contract for the policy and at the time of the fire, that a loss of more than the

total insurance was suffered by him, and that no increased hazard or change in the risk had occurred.

The policy of insurance issued under the contract entered into over the phone on December 28, 1910, was introduced in evidence, and provides, among other things: "This policy may, by renewal, be continued under the original stipulations, in consideration of premiums for the renewed term, provided that any increase of hazard must be made known at the time of renewal, or this policy shall be void."

Appellant offered to prove the following: "We offer to prove by this witness that during his five years previous business with Fleming & Chisholm as insurance agents, the custom and practice between them, in the conduct of that business, was for them to renew all expiring policies unless he specially directed them to allow them to lapse or expire and in the course of that business and up to the time this policy was ordered he relied and depended upon them to renew such policies; that it was the practice to send him statements of premiums due for such policies every thirty days, after issuing the policies and he would pay them; that it never has been the practice to demand payment of premiums on the date of issuing the policy and that when he ordered this particular policy he gave no direction as to what company to write the insurance in but depended upon their previous course of business in which they had renewed policies that were not ordered to be allowed to lapse, and also upon the promise to take care of this particular policy, he paid no further attention to it, assuming that they would renew the policy on its date of expiration."

The court sustained objections to the proffered proof, and exceptions were duly entered.

It is urged by appellee that the contract here referred to was not a binding and valid contract, first because it was a parol agreement, second, because the

parol agreement provided for a renewal after ninety days.

So far as the law is concerned, an insurance contract is not different from other contracts. If the minds of the parties have met in regard to the essential parts of the contract, it matters not whether such contract be in writing or parol. The power to make contracts of insurance by parol agreement has long been recognized by the highest authority, and is the settled law of the state today. *Firemen's Ins. Co.* v. *Kuessner,* 164 Ill. 275; *Continental Ins. Co.* v. *Roller,* 101 Ill. App. 77; Ostrander on Fire Insurance, par. 12.

In *Trustees of the First Baptist Church* v. *Brooklyn Fire Ins. Co.,* 18 Barb. (N. Y.) 69, the following doctrine is announced: An insurance company may waive its general rule requiring premiums to be paid before policies shall take effect and give credit for a premium until called for. Where such company agrees that a policy for one year shall be renewed from year to year, and be a permanent risk, and that its officers will from time to time call upon the assured with the annual receipts or certificates, and collect the premiums as they become due, and the assured relying upon such promise, omits to call and pay the premium and get a renewal, and the insurers fail to call for the premium when it becomes due, and the property insured is destroyed by fire, the insurance company is liable for the loss.

That an agent of an insurance company with full power to receive proposals for insurance against loss or damage by fire, make rates and issue policies and renew the same, has power to bind the principal by a parol agreement, is not seriously questioned.

But, it is contended that the contract in question is partly in writing and partly in parol, and it is urgently questioned by appellee whether such a contract could

have any binding force; and further, the contention of the appellee is, that the record in this cause presents two contracts, one in writing, which is the policy, and the other in parol, to take effect at the expiration of the term of the written policy.

It will be remembered that on the 28th day of December, 1910, the appellant, being desirous of receiving insurance upon grain in his elevators, called the agents of the appellee over the phone and said to them that he wanted such agents to issue two policies of insurance on his grain in his east and west elevators, for $850 each, making the loss payable to Edwards & Co., of Chicago, and to issue the policies for ninety days, and at the expiration of that period, unless otherwise ordered, to keep the policies in force, and that appellee's agents replied: "All right, we will take care of it."

Under this statement the contract to issue and the contract to renew were made as one contract, and we can see no reason why the obligation to renew was not as valid and binding as the contract to issue.

Appellants assign as one ground of error, the action of the court in excluding proper testimony offered by him as to the custom theretofore prevailing between the agents of the appellee company and appellant, as to the renewal of policies.

If the parol contract made by appellant with the agents of the appellee had been denied, or in any manner questioned, it might have become important to support the same by proof as to the custom of appellee's agents in dealing with appellant. The importance of the tendered proof does not appear from this record, and, therefore, we do not deem it necessary to discuss the question at this time, except that part relating to the custom as to the payment of premiums, which we hold to be proper.

Under the view of this court as to the law applicable

to this case, it was error on the part of the trial court to give the peremptory instruction.

Therefore, the judgment of the trial court is reversed and the cause is remanded.

*Reversed and remanded.*