J. S. GRABLE, TRUSTEE, v. GERMAN INS. Co.

32   645
56   287

[FILED SEPTEMBER 15, 1891.]

**Fire Insurance:** CONDITION AGAINST ALIENATION: CONTRACT FOR SALE NOT A BREACH. This is an action by J. S. G. against an insurance company, upon a policy issued to him for $400, upon a house worth $600, which policy contained a clause in the following words: "When property insured by this policy, or any part thereof, shall be alienated or incumbered, or in case of any transfer or change of title to the property insured, or any part thereof, or of any interest therein, without the consent of the company indorsed hereon, * * * this policy shall at once cease to be binding upon this company." Before the loss the assured contracted to sell the house and lot for the consideration of $850, $100 of which was paid down, the balance to be paid in fifteen equal installments, each three months thereafter, with interest, the purchaser going into possession. None of the installments had become due when the house was totally destroyed by fire. *Held*, That the plaintiff could recover.

ERROR to the district court for Gage county.    Tried below before BROADY, J.

*Rickards & Prout*, and *A. Hardy*, for plaintiff in error, cited: *Kempton v. State Ins. Co.*, 17 N. W. Rep. [Ia.], 194; *Washington Fire Ins. Co. v. Kelly*, 32 Md., 421; *Kitts v.*

*Ins. Co.*, 56 Barb. [N. Y.], 184; *Morrison v. Ins. Co.*, 18 Mo., 265; *Phelps v. Ins. Co.*, 9 Bosw. [N. Y.], 404; *Trumbull v. Ins. Co.*, 12 O., 305; *Stetson v. Ins. Co.*, 4 Mass., 330; *Hill v. Mut. Pro. Co.*, 59 Pa. St., 474; *Masters v. Ins. Co.*, 11 Barb. [N. Y.], 624; *Reynolds v. Ins. Co.*, 34 Md., 280; *Brown v. King*, 5 Met. [Mass.], 173; *Proprietors v. McFarland*, 12 Mass., 325; *Sellers v. Hayes*, 17 Ala., 749; *Phœnix Ins. Co. v. Barnd*, 16 Neb., 90; *Gibson v. Parlin*, 13 Id., 292.

*A. H. Babcock*, contra, cited: *Carpenter v. Ins. Co.*, 16 Pet. [U. S.], 495; *Byers v. Ins. Co.*, 35 O. St., 615; *Ins. Co. v. Archer*, 36 Id., 612; *Davidson v. Ins. Co.*, 32 N. W. Rep. [Ia.], 514; *Dupreau v. Ins. Co.*, 5 L. R. A. [Mich.], 671; *W. Mass. Ins. Co. v. Riker*, 10 Mich., 279; *Johannes v. Standard Fire Office*, 70 Wis., 196; *Germond v. Ins. Co.*, 2 Hun [N. Y.], 540; *H. & G. I. R. Co. v. Ingalls*, 15 Neb., 128; *Seton v. Slade*, 7 Vesey [Eng.], 265; *Craig v. Leslie*, 3 Wheat. [U. S.], 577; *Ætna Ins. Co. v. Tyler*, 16 Wend. [N. Y.], 385; *Wood v. N. W. Ins. Co.*, 46 N. Y., 421; *Farmers Mut. Ins. Co. v. McCulloch*, 21 O. St., 176.

COBB, CH. J.

This action was brought in the district court by the plaintiff as trustee for the owners, otherwise called "the syndicate," of Highland Park addition to the city of Beatrice, against the insurance company, upon a policy of insurance issued by the defendant company upon a dwelling house. The petition is in the usual form. The answer sets up several defenses; among the rest, and the only one deemed necessary to particularly refer to here, is, that " in violation of article or section twelve (12) of the policy, plaintiff sold the said property to George and Francis Johnson without obtaining consent to such sale, indorsed on the said policy in writing, contrary to article fifth (5)

of said policy, and that said Johnsons were the owners of said property when it was burned."

Plaintiff, by reply, denied that he alienated the property insured contrary to the provisions of the article five (5) of said policy, but that the plaintiff did enter into a written agreement in which plaintiff contracted to sell said property to one George Johnson." A copy of the said agreement is set out in the replication, which I herewith copy.

"Articles of agreement made this 22d day of February, 1888, between J. S. Grable, trustee, of the first part, and George Johnson and Francis Johnson, of the second part, witnesseth: That the said party of the first part has this day bargained and sold to the said party of the second part, the following described real estate, situate in the county of Gage, and state of Nebraska, to-wit: (describing the property), for the sum of eight hundred and fifty dollars, one hundred dollars of which has been paid in hand, the receipt whereof is hereby acknowledged. The remaining principal, with accruing interest at the rate of ten per cent per annum, payable annually, shall be paid at the office of. Grable & Davis, Beatrice, Nebraska, at the times and in the manner following, that is to say:

| Deferred payments. | Day. | Month. | Year. | Principal. | Interest. |
|---|---|---|---|---|---|
| 1 | 22 | May | 1888 | $50 | |
| 2 | 22 | August | 1888 | 50 | |
| 3 | 22 | November | 1888 | 50 | |
| 4 | 22 | February | 1889 | 50 | $67 50 |
| 5 | 22 | May | 1889 | 50 | |
| 6 | 22 | August | 1889 | 50 | |
| 7 | 22 | November | 1889 | 50 | |
| 8 | 22 | February | 1890 | 50 | 47 50 |
| 9 | 22 | May | 1890 | 50 | |
| 10 | 22 | August | 1890 | 50 | |
| 11 | 22 | November | 1890 | 50 | |
| 12 | 22 | February | 1891 | 50 | 27 50 |
| 13 | 22 | May | 1891 | 50 | |
| 14 | 22 | August | 1891 | 50 | |
| 15 | 22 | November | 1891 | 50 | 7 50 |

"Now, if the said party of the second part shall pay the same as above set forth, time being of the essence of this contract, and shall pay all taxes and assessments, whether special or general, which may become due on said real estate for the year 1888, and thereafter until the above payments are all made, then said party of the first part shall, at his own cost, execute and deliver to the said party of the second part, or his assigns, upon the surrender of this contract, a warranty deed to the above described premises.

"And it is further agreed, that in case any payment, either of principal or interest, remaining unpaid for the space of thirty days after the same shall become due, then and in that case the whole amount unpaid on this contract shall become due and payable, without further notice; and such delinquency in payment, or the failure in other respects by the party of the second part to perform the stipulations of this contract, or any of them, shall entitle the said party of the first part to the immediate possession of the premises described herein, and the party of the second part shall forfeit all payments made under this contract."

Signed by the parties and witnessed.

There was evidence at the trial, given by the plaintiff himself when on the stand as a witness on his own behalf, upon his cross-examination without objection, that Johnson went into the possession of the property under the said contract and was in possession at the time of the fire and loss.

The policy upon which the action was brought and which was introduced in evidence upon the trial contains the following clause : "V. When property insured by this policy, or any part thereof, shall be alienated, or incumbered, or in case of any transfer or change of title to the property insured, or any part thereof; or of any interest therein, without the consent of the company indorsed hereon, or if the property hereby insured be levied upon, or taken in possession or custody under any legal process, or if the

title or possession be disputed in any proceedings at law
or equity, or if the property be advertised for sale under
a deed of trust or mortgage, or if a suit be commenced to
foreclose a mortgage on the property insured, or voluntary
or involuntary proceedings in bankruptcy by or against the
insured be commenced, this policy shall at once cease to be
binding upon this company."

At the trial the court upon its own motion charged the
jury as follows :

" 1. This defendant has no defense to this action except
upon that clause of the policy wherein it is provided that
' where property insured by this policy, or any part thereof,
shall be alienated or incumbered, or in case of any transfer
or change of title to the property insured, or any part
thereof, or any interest therein, without the consent of the
company indorsed thereon,   *   *   *   this policy shall at
once cease to be binding upon the company.'

" The evidence is uncontradicted that the contract, a copy
of which is attached to the reply, was made by plaintiff
with the second party therein named, to whom the posses-
sion of the property was transferred, and who held posses-
sion until the fire and at that time was not in default under
his contract, and that no consent was given by defend-
ant or indorsed on the policy.   In short, there is no
conflict of evidence on this branch of this action wherein
defendant founds a defense upon the above mentioned pro-
visions of the policy.   The court being of the opinion that
the uncontradicted evidence on this subject shows a trans-
fer or change of title to the property insured, or an interest
therein, without the consent of the company indorsed
thereon, there is nothing for you to do, but to return a ver-
dict for the defendant, and you are so instructed."

Under this instruction there was a verdict for the defend-
ant, which being followed by a judgment for defendant, the
cause is brought to this court on error by the plaintiff,
and the giving of the above instruction is the principal
error assigned.

The question thus presented comes before this court for the first time, but has often been before the courts of last resort of other states, and their decisions thereon are conflicting and quite irreconcilable with each other.   In a note to the case of *Carpenter v. Washington Ins. Co.*, 2 Am. Leading Cases, Hare & Wallace's Notes [5th Ed.], 908, the writers of the note say: "We have seen that a sale of the thing insured, which deprives the vendor of all interest in its preservation, will preclude a recovery for a subsequent loss, unless it is accompanied by a transfer of the policy, which, when a fire insurance is in question, must, moreover, receive the assent or concurrence of the insurers.   But most of the policies in use in this country, prefer to guard against this contingency by an express stipulation, instead of relying solely on the rule of law, and accordingly provide that a sale or alienation of the property shall avoid the contract unless sanctioned by the consent of the insurers.   The courts have generally put a liberal construction on this proviso by holding that the alienation must be complete of all the interest of the insured.   Hence a contract of sale will not invalidate the insurance if the vendor retains the legal title and continues to have an interest in the preservation of the premises as a security for the payment of the purchase money, at all events until the terms of the sale are so far fulfilled as to invest the vendee with the full equitable ownership and entitle him to immediate possession of the property sold," etc., citing authorities.   Among the authorities thus cited is the case of *Trumbull v. Portage Ins. Co.*, 12 O., 305. This case was tried upon an agreed state of facts, differing from those of the case at bar in two points only. There no payment whatever had been made on the contract of sale of the property, while here nearly one-eighth of the purchase money had been paid.   There the actual possession of the insured property remained in the family of the assured at the time of the fire and loss, while here

the purchaser of the property was in its actual possession at the time of the loss, and in that case there does not appear to have been a clause in the policy like that of the case at bar. The court in the opinion say: "This case turns mainly on the question whether the plaintiffs had an insurable interest in the premises insured at the time the loss occurred. From the facts stated in the agreed case, it appeared that they had. The legal title was in them, coupled with an equity equal to the full value of the premises, that is, a lien for all the purchase money, and they were in possession. They had entered into a contract to convey at a future day. At law this contract did not transfer any right in the land, and in equity the purchaser can only enforce a transfer after he shall have laid a proper basis by paying the purchase money. This being the case, there was no alienation of the property which renders the defense of a want of interest in the thing insured, valid. The plaintiffs have sustained a loss, covered by the policy, and it is equal to the amount insured." The judgment was for the plaintiffs. The case of *Perry County Ins. Co. v. Stewart*, 7 Harris [19 Pa. St.], 45, also cited in the notes, is strictly in line with the last above case. So also is the case of *Masters v. Madison Mutual Ins. Co.*, 11 Barb. [N. Y.], 624, also cited, with this addition, that in the latter case it appears in the opinion that the seventh section of the act incorporating the defendant provided that " when any property insured with this corporation shall be alienated by sale or otherwise, the policy shall thereupon be void," etc. This language is quite similar in meaning to the language of the clause of the policy now under consideration.

The case of *Hill v. The Cumberland Valley Mutual Protection Co.*, 59 Pa. St., 474, is in the same line. In that case the policy contained a clause providing " that if the insured property should be alienated by sale or otherwise," and if it should "be transferred by any contract or change of partnership or ownership," the policy should be void.

The property insured was a mill, policy for $3,000, dated March 9, 1865, running five years. On the 4th day of December following, the assured, by articles of agreement, contracted to sell the property insured to William D. Doak for $4,000, as follows: $1,500 on the 1st day of April, 1866, when possession was to be given, and the rest in three equal annual payments. One thousand dollars on account of the first payment was paid January 1, 1866. The company had not consented to the contract of sale. On the 18th day of January, Hill being still in possession by his tenant, the mill was burned. Upon the trial the jury found for the plaintiff, and the trial court entered a judgment for the defendant, *non obstante veredicto*. On error the supreme court reversed the judgment and directed a judgment on the verdict for the plaintiff.

The above authority and cases have been followed by those of *The Washington Fire Ins. Co. and Atlantic F. & M. Ins. Co. v. Kelly*, 32 Md., 421; *Kempton v. State Ins. Co.*, 17 N. W. Rep. [Ia.], 194, and many others cited by counsel for plaintiff in error.

It is not to be denied that there are respectable authorities and cases holding the reverse view, notably the case of *Davidson v. Hawkeye Ins. Co.*, 32 N. W. Rep. [Ia.], 514. The opinion in this case is by a divided court, and while it is ably argued, I do not think that it overturns the authority of the cases on the other side above referred to. The principle governing the great majority of the cases is, that while the assured retains the policy and an interest in the property equal to its value, together with the legal title, when the property is destroyed he can recover for its loss against the insurance company, notwithstanding a clause in the policy providing that upon the alienation of the insured property by the assured, the policy should be void. In many of these cases the possession of the property remained in the assured at the date of the loss, but in none of them has that fact been considered of controlling importance.

I am of the opinion that the district court erred in instructing the jury to find for the defendant. The judgment is therefore reversed and the cause remanded for further proceedings in accordance with law.

REVERSED AND REMANDED.

THE other judges concur.