## Phenix Insurance Co. v. F. H. Caldwell.

1. Insurance—*What is Not Transfer of the Property Insured.*—The execution and delivery of a bond for a deed does not constitute a sale within the meaning of a condition in a policy of insurance providing that "if the property be sold or transferred in whole or in part, or if any change takes place in title or possession, whether by legal proceedings, judicial decree or voluntary transfer, assignment or conveyance," the policy shall be void.

2. Discretion—*What is Not an Abuse of.*—A court is not guilty of an abuse of discretion in refusing leave to the defendant, at the close of

the testimony, to amend his pleadings, setting up a new defense to the action, when no showing is made to support it, nor any excuse for not having presented it before.

**Assumpsit,** on a policy of insurance. Trial in the Circuit Court of Rock Island County; the Hon. WILLIAM H. GEST, Judge, presiding. Verdict and judgment for plaintiff; appeal by defendant. Heard in this court at the May term, 1899. Affirmed. Mr. Presiding Justice CRAB-TREE dissenting. Opinion filed October 12, 1899.

WM. S. JACKSON and A. E. DEMANGE, attorneys for appellant.

HAROLD A. WELD, attorney for appellee.

MR. JUSTICE DIBELL delivered the opinion of the court.

Appellant, on January 3, 1894, issued a policy to appellee insuring his barn on his farm, in the sum of $2,500, against loss by fire, for five years, and also insuring certain personal property. The barn was destroyed by fire on September 28, 1897. Appellee brought this suit on the policy to recover for said loss. The policy contained the following conditions:

"If the property be sold or transferred (in whole or in part), * * * or any change takes place in title or possession, * * * whether by * * * voluntary transfer, assignment or conveyance; or if the title or possession be changed from any cause whatsoever; or if this policy shall be assigned before a loss, without written notice to and the consent of the company indorsed hereon, this policy shall in each and every instance be void. * * * If the interest of the assured in the property be other than an unconditional, exclusive ownership, and, if it be real property, if it be other than an absolute fee simple title, or if any other person or persons have any interest whatever in the property described, whether it be real estate or personal property; * * * or if there be a mortgage or other incumbrance thereon, * * * whether inquired about or not, it must be so notified to the company, and be so expressed in the written part of this policy, otherwise the policy shall be void. When the property insured (or if it be a building or machinery therein, the land upon which it stands) shall be sold or incumbered, or otherwise disposed of, written notice shall be given to the company of such

sale or incumbrance or disposal, and its assent thereto indorsed thereon, otherwise this insurance on said property shall immediately terminate. * * * Persons sustaining loss or damage by fire, shall, within six days, give notice in writing of said loss to the company, and within thirty days from the date of the fire shall render a particular and specific account of such loss; failing so to do within said thirty days this policy shall become and be null and void."

At the trial the destruction of the barn by fire was proved, and it was stipulated that the value of the barn at the time it was burned was the amount remaining unpaid on the policy. Appellee recovered judgment, and this is an appeal therefrom.

Appellant, by many pleas filed, sought to interpose three defenses: first, failure to present proofs of loss within thirty days, as required by the policy; second, failure to notify appellant of a mortgage resting upon the real estate when the insurance was written; and third, that appellee, after the policy was issued and before the fire, sold the premises, and did not give written notice of the sale to appellant, nor procure its assent thereto to be indorsed upon the policy. Appellee undertook to avoid the first of said defenses by showing oral notice by him to an agent of appellant within six days after the loss, and written notice by said agent to the officers of appellant, followed by language and acts of agents of appellant constituting a waiver of proofs of loss within thirty days. Appellee sought to avoid the defense as to the mortgage by showing that before the policy was issued he notified appellant's agent of said mortgage, and was informed by the agent that it need not be referred to in the policy. The evidence on these two subjects was conflicting. If the jury believed the evidence offered by appellee, these defenses were overcome by him. We are unable to say that the jury erred in their decision of these questions of fact, or that another jury, upon the same evidence, would reach a different conclusion.

The difficulty in the case arises under the defense thirdly above stated. By its second amended plea appellant set up that appellee and his wife, on February 6, 1896, by an instru-

ment in writing under their hands and seals, sold the insured property, and the land on which it stood, to Peter Thuren, his heirs and assigns, for $13,500, without written notice to appellant and its assent thereto indorsed on said policy; whereby said insurance immediately thereafter terminated. The third amended plea set up the same facts, and further, that on February 28, 1898 (which was after the fire), pursuant to said sale, appellee and his wife executed and delivered to Thuren a deed of said premises in fee simple, whereby said policy immediately terminated. The first replication to said pleas was that the property was not sold before said loss, as charged. Upon this issue was joined. The second replication thereto set up that said instrument mentioned in said pleas was a bond for a deed; that after its execution appellee notified an agent of appellant thereof, and set up language of said agent relied upon as a waiver of further notice, and of an indorsement on the policy; and that in reliance thereon he had paid Thuren the amount of the loss. The third replication to said plea set up notice to said agent of the bond for a deed, and language of said agent relied upon as a waiver. The rejoinders to said second and third replications were to the effect that appellant did not waive the conditions of the policy relative to a sale of the property, and is not estopped, as charged.

In this state of the pleadings upon the subject of a sale of said premises, appellant offered in evidence, at the trial, a bond for a deed, executed February 26, 1896, by appellee and his wife, which recited that they had this day sold to Peter Thuren, his heirs and assigns, for $13,500, certain land described (being that on which the barn stood); that $1,200 was to be paid at the ensealing and delivery of that instrument, and a note given for $3,300, due March 1, 1904, with interest at six per cent per annum, and a note for $9,000, due March 1, 1911, with like interest; and that upon payment of the first note, deed was to be given and mortgage made to secure the $9,000 note. By said bond appellee and his wife bound themselves, under a penalty of $10,000, upon said payments being made, to convey the premises to Thuren

in fee simple by warranty deed. Time was made of the essence of the contract. Appellee objected to the introduction of the bond in evidence. That objection was sustained and appellant excepted. The question then is whether the giving of such a bond or contract, coupled with payment of part of the purchase money, was a sale of the premises, within the meaning of this policy.

The authorities upon this subject are conflicting. Such a contract is held not to be a sale within the meaning of such a provision in a policy of insurance, and the vendor is held to be still the owner, in Washington Fire Ins. Co. v. Kelly, 32 Md. 421; Perry County Ins. Co. v. Stewart, 19 Pa. St. 45; Ins. Co. v. Updegraff, 21 Pa. St. 513; Hill v. Cumberland Valley Mutual Protection Co., 59 Pa. St. 474; Trumbull v. Portage County Mutual Ins. Co., 12 Ohio, 305; Browning v. Home Ins. Co., 71 N. Y. 508; May on Insurance, Sec. 267; 1 Wood on Insurance, Sec. 331; and in other cases cited in said authorities. The contrary is held in the opinion of the majority of the court in Davidson v. Hawkeye Ins. Co., 71 Iowa, 532, and in Johannes v. Standard Fire Office, 70 Wis. 196; Dupreau v. Hibernia Ins. Co., 76 Mich. 615, and Hamilton v. Dwelling House Ins. Co., 98 Mich. 535. The question seems not to have been directly determined in this State. In this conflict of authority we conclude that the determination of the trial court, that the execution and delivery of the bond did not constitute a sale within the meaning of the policy, is most in harmony with analogous principles settled in this State. That the vendor retained the legal title is unquestioned. (Langlois v. Stewart, 156 Ill. 609.) But the vendee did not have even the equitable title.

" A mere contract or covenant to convey at a future time, on the purchaser performing certain acts, does not create an equitable title. When the purchaser performs all acts necessary to entitle him to a deed, then and not till then, he has an equitable title and may compel a conveyance. When the purchaser is in a position to compel a conveyance by a bill in chancery, he then holds the equitable title. Before that he only has a contract for a title when he per-

forms his part of the agreement." (Chappell v. McKnight, 108 Ill. 570; Walters v. Walters, 132 Ill. 467.)

The Michigan cases cited *supra* rest upon the contrary principle, that a vendee who has paid part of the purchase money is the equitable owner in fee. As in this State such a vendee has neither legal nor equitable title, the provisions of the policy in suit relative to a change of title were not violated by entering into the bond for a deed. Under the doctrine stated in Hill v. Cumberland Valley Mutual Protection Co., *supra*, appellee will not thereby acquire and keep for his own use both the purchase money and the insurance money, but upon the receipt of the insurance money he will hold it for the benefit of the vendee, who will be entitled to credit therefor upon his contract. This accords with the rule in this State that the vendor is trustee of the title for the benefit of the vendee. (Sutherland v. Goodnow, 108 Ill. 528; Fuller v. Bradley, 160 Ill. 51.) In Stevenson v. Loehr, 57 Ill. 509, after such a contract had been made, part of the land was condemned by a railway company. It was held that if the vendor received the damages he must hold them as trustee for the purchaser, to be accounted for when the purchase money is paid. This principle obviates the main objection upon which the case above cited from 71 Iowa is based. Appellee pleaded, and offered to prove in rebuttal, that he had paid Thuren the full amount of the insurance on the barn. To this the court sustained an objection, and properly, as the bond to Thuren had not been admitted in evidence.

Appellee paid appellant the required premium for this insurance. There is no claim that appellant was in any way injured by the giving of the bond for a deed. It is not claimed that any fraud was practiced upon appellant or that the loss was any other than an honest one. The defense is purely technical. We conclude that, under the rules prevailing in this State, appellee, after he gave the bond for a deed, still held the legal and equitable title, and is entitled to recover.

Although the trial court sustained objections to all direct evidence that Thuren took possession before the fire, that

fact was indirectly proven. That proof, however, does not in this case entitle appellant to avoid the policy under the clause thereof relating to a change of possession, because appellant saw fit not to allege and plead such change of possession as a defense. Clearly it could not avail of such change of possession as a defense without specially pleading it, and giving appellee an opportunity to set up by replication any matter of waiver or otherwise which he might be able to present. The record of the proceedings kept by the clerk shows that on the third day of the trial (and apparently at or about the close of the testimony), appellant asked leave to file an amendment to its second amended additional plea, so as to charge that appellee delivered possession of the premises to Thuren, and the latter thereafter remained in possession, and that the court refused such leave and appellant excepted. The abstract does not show, nor can we find in the record, that this action and exception are preserved in the bill of exceptions. Further, it does not appear that any showing was made in support of the motion. The correctness of the ruling is therefore not presented for decision. Moreover, the evidence (including a letter from appellant's general adjuster) places it beyond dispute that this change of possession was known to the officers of appellant soon after the fire, and there is evidence tending to show its agents knew it before the fire. No reason appears why appellant could not have set up this defense long before. The pleadings were voluminous, and had already been extensively amended by appellant. We are unable to say the court was guilty of an abuse of discretion in refusing the leave at that late stage of the trial, when no showing was made to support it, nor any excuse for not having presented the defense before the trial. (Phenix Ins. Co. v. Stocks, 149 Ill. 319.) It might well be that appellee would have needed to prepare a special replication to such amendment, by way of confession and avoidance, requiring care and time to properly present his answer thereto. The court was not bound to permit that which might result in such delay.

As change of possession was not pleaded as a defense, the

fact that proof thereof incidentally crept in did not call upon appellee to rebut that defense by proof of any kind, nor entitle appellant to the benefit of that proof as a defense, nor to have the jury instructed upon the effect of a change of possession under the provisions of the policy in suit. The instructions appellant offered on that subject were therefore properly refused. If the court ruled correctly in holding that the contract was not a sale, and in refusing to admit it in evidence, then there was no evidence before the jury of a sale of the premises in violation of the terms of the policy, and the court properly refused appellant's instructions upon that subject. The only defenses duly pleaded which there was proof tending to establish were failure to present proofs of loss within thirty days and failure to give notice of a mortgage resting upon the premises when the insurance was written. Upon these subjects the jury were correctly and fully instructed. We find no substantial error in the record.

We have not set out or discussed the provision of the policy that no agent of the company, except its principal officers in New York and its general agent at Chicago, should have power to waive or modify any condition of the policy, etc., for the reason that such provision may itself be waived by the assured and by the language and conduct of its agents having apparent power to bind it (Phenix Ins. Co. v. Hart, 149 Ill. 513; Dwelling House Ins. Co. v. Dowdall, 159 Ill. 179), and we are of opinion it was waived in this case. The judgment is therefore affirmed.

Mr. Presiding Justice CRABTREE dissenting.