IN THE MATTER OF CONSOLIDATION OF SCHOOL
DISTRICTS NOS. 3, 11, 28, 33, 40, 45, AND 56 IN
OLMSTED COUNTY.
SCHOOL DISTRICT 56 CONSOLIDATED v.
F. W. SCHMIDT AND OTHERS.[1]

July 23, 1920.

No. 21,901.

**Consolidation of school districts — meaning of word "freeholder."**
A vendor in an executory contract for the sale of land is a freeholder, within the meaning of the statute which requires that a petition for the

[1] Reported in 178 N. W. 892.

consolidation of school districts shall be signed by a certain number of resident freeholders.

F. W. Schmidt and other freeholders appealed to the district court of Olmsted county from the order of approval of the superintendent of schools of that county of the consolidation of the six school districts enumerated above. The matter was heard by Callaghan, J., who made findings and dismissed the appeal. From the judgment entered pursuant to the order for judgment, the objectors appealed. Affirmed.

*M. D. Halloran* and *Richard Manahan,* for appellants.

*Granger & Clemens,* for respondent.

HALLAM, J.

This is a proceeding for the consolidation of school districts. An election was held, which resulted in a majority vote in favor of consolidation. Those opposing consolidation took an appeal to the district court and from an adverse judgment appealed to this court.

The point here raised is that the petition by which the proceeding was initiated was invalid. The statute requires that the petition be signed by "at least twenty-five (25) per cent of the resident freeholders of each school district or area affected." G. S. 1913, § 2687, as amended by Laws 1915, p. 337, c. 238, § 3, and Laws 1917, p. 806, c. 470, § 1.

The contention is that John Ambroz, a signer necessary to make up the requisite number in one of the districts, was not a freeholder of the district. The facts are that Ambroz had long been the owner of, and a resident upon, a farm in said district.

The petition was filed on August 12, 1919. On June 16, 1919, Ambroz and his wife entered into a contract to sell the farm to Charles G. Lietz for $33,775, of which $2,500 was paid down; $2,500 to be paid October 1; $12,475 March 1, 1920, at which time a deed was to be given subject to a mortgage upon the land. The contract provided that Ambroz should retain possession until October 1, 1919, and he was in possession when this petition was signed and presented. The question on appeal is this, was Ambroz, under these circumstances, a freeholder?

One who holds an inheritable estate in land is a freeholder. G. S. 1913, § 6656; In re Consolidation of School Districts in Blue Earth

County, 140 Minn. 475, 168 N. W. 552. We held, in the case last cited, that the vendee in a land contract is a freeholder qualified to sign a petition under this section. We have recently held that the claim of a vendor for the unpaid purchase money passes to the personal representatives as personal estate. State v. Probate Court, 145 Minn. 155, 176 N. W. 493, citing State v. Rand, 39 Minn. 502, 40 N. W. 835. But it does not follow from either of these decisions that the vendor in such a contract has not an inheritable estate in the land. We see no reason why both vendor and vendee may not have an inheritable estate, and no reason why, though the money due be personalty, the interest of the vendor in the land may not be an inheritable estate. The vendor holds the title as security, but his estate is something more than a mortgage. At common law, if the contract provided for forfeiture of the vendee's rights for default of payment, such forfeiture was effective. Schumann v. Mark, 35 Minn. 379, 28 N. W. 927; Tingue v. Patch, 93 Minn. 437, 101 N. W. 792. His interest, spoken of as the fee, is bound by the lien of a judgment against him. Minneapolis & St. L. Ry. Co. v. Wilson, 25 Minn. 382; Welles v. Baldwin, 28 Minn. 408, 10 N. W. 427. He has an interest which he may mortgage by the execution of a formal instrument for that purpose, and, it has been said, he is in a strict sense the owner of the land until the purchase price is paid. Lamm v. Armstrong, 95 Minn. 434, 104 N. W. 304, 111 Am. St. 479, 5 Ann. Cas. 418. No one would contend that he could transfer his interest as personalty without his wife joining.

It is to be observed that, under the contract before us, the vendor was entitled to, and still held, possession. Some importance is attached to this fact in some of the decisions. Stearns v. Kennedy, 94 Minn. 439, 103 N. W. 212. In our opinion it is not necessary to consider the bearing of this particular fact, for we think that in the ordinary land contract the vendor has an inheritable estate in the land. Mr. Pomeroy has outlined the relation of the parties to a land contract substantially as follows: The vendor holds the legal title as security for performance of the vendee's obligation and as trustee for the vendee, subject to such performance, and the vendor's title and interest may be conveyed or devised and will descend to his heirs. He becomes by equitable conversion the

owner of the purchase money and this claim for the purchase money is personalty and passes on his death to his executor or administrator. The vendee becomes, by conversion, the beneficial, though equitable owner of the land. His interest under the contract is, according to rules of equity, real estate, and descends to his heirs. 3 Pomeroy, Eq. Jur. § 1261. This section is cited, and part of it quoted, in Abbott v. Moldestad, 74 Minn. 293, 298, 77 N. W. 227, 73 Am. St. 348. We approve of it and adopt it as a correct statement of the law. See also Starkey v. Palm, 80 Neb. 393, 114 N. W. 287.

It follows that Mr. Ambroz was a freeholder, that the petition was a sufficient one, and the consolidation proceeding was regular and valid.

Judgment affirmed.

DIBELL, J. (dissenting).

I dissent.

QUINN, J., absent, took no part.