## GEORGE MARK v. THE LIVERPOOL AND LONDON AND GLOBE INSURANCE COMPANY, LIMITED.
## NORTHERN TITLE COMPANY, INTERVENER.[1]

May 9, 1924.

No. 23,907.

**Vendor's insurance policy not forfeited by his giving contract of sale of insured property.**

1. A contract for the sale of land, part of the purchase price being paid and possession taken, vests in the vendee an equitable title in fee. The legal title in fee is retained by the vendor as security, and upon payment he holds it in trust for the vendee. A policy of insurance issued to the vendor with a condition of forfeiture in the event that the property is sold without the assent of the insurer is not forfeited by his subsequently making such a contract.

**When evidence entitles mortgagee to share in the policy.**

2. The evidence justifies the finding of the court that the intervener, a mortgagee, requested the defendant to make certain insurance policies, issued to the plaintiff, the mortgagor, who covenanted in the mortgage to keep the property insured for the benefit of the mortgagee, payable in case of loss to it as mortgagee, and that it agreed to do so but did not. Under such finding the intervener is entitled to share in the policy.

**Finding sustained.**

3. The evidence sustains a finding of total loss.

[1]Reported in 198 N. W. 1003.

Action in the district court for St. Louis county to recover $3,000 upon two fire insurance policies. The substance of the complaint in intervention is stated at the beginning of the opinion. The case was tried before Magney, J., who when intervener rested denied defendant's motion to dismiss the complaint in intervention, made findings that the policies be reformed by adding a mortgage clause and ordered judgment in favor of plaintiff for $1,192.50 and in favor of intervener for $2,086. From the judgments entered pursuant to the order for judgment, defendant appealed. Affirmed.

*George H. Spear* and *James E. Gardner*, for appellant.

*W. F. Dacey*, for respondent.

*Rollo N. Chaffee*, for intervener.

DIBELL, J.

Action on two policies of fire insurance aggregating $3,000 issued by the defendant to the plaintiff on a building in Duluth. The Northern Title Company, a mortgagee of the plaintiff, intervened, claiming that the insurance company agreed but failed to attach a mortgage clause to the policies, making the insurance payable to it, and asked a reformation. The trial court found that the loss was total, decreed a reformation, and directed judgment for the plaintiff for one sum and for the intervener for another, the two sums aggregating $3,000 and interest. The defendant appeals from the judgment.

1. The policies are of the Minnesota standard form. They provide for forfeiture "if without such assent [of the insurer] the situation or circumstances affecting the risk shall, by or with the knowledge, advice, agency, or consent of insured, be so altered as to cause an increase of such risks, or if, without such assent, the property shall be sold or this policy assigned." G. S. 1913, § 3318. The issue between the plaintiff and the defendant is whether the property was "sold" within the meaning of the policy. There is no claim that there was an assent by the insurer.

The facts are not in dispute. One policy was dated February 26, 1921; the other March 31, 1921. The property was destroyed by fire on August 18, 1921. On May 13, 1921, the plaintiff entered into

a contract of sale with one Radovich for $3,680. He paid $400 in cash, assumed two mortgages made by the plaintiff to the intervener, aggregating $1,800, agreed to pay the balance of $1,480 in monthly instalments and took possession. The plaintiff endeavored to sell to the Peoples State Bank. He was engaged in building and selling houses and wanted to buy property and build. The bank refused to purchase, but offered to advance the money due on the contract if Radovich would make a note directly to the bank, and the plaintiff would indorse it. The plaintiff accepted. The bank paid $300 in cash. The balance was represented by two lots deeded to the plaintiff by an officer of the bank. The plaintiff, his wife joining, executed a deed, of the insured property, the name of the grantee blank, and delivered it to the bank to be delivered to Radovich when his payments were completed.

Such a transaction passes the equitable title in fee to the vendee, leaving the legal title in fee in the vendor as security, and when the contract is performed the vendor holds the legal title as trustee. This is settled law in Minnesota. Shraiberg v. Hanson, 138 Minn. 80, 163 N. W. 1032, and cases cited; School Dist. 56 v. Schmidt, 146 Minn. 403, 178 N. W. 892, and cases cited. The vendee is a freeholder within G. S. 1913, § 6656, defining "estates of inheritance" as freeholds. Schultz v. Consolidated School Dist. No. 1, 140 Minn. 475, 168 N. W. 552. So is the vendor. School Dist. 56 v. Schmidt, 146 Minn. 403, 178 N. W. 892. The interest of each is subject to a judgment lien. Minneapolis & St. L. Ry. Co. v. Wilson, 25 Minn. 382; Reynolds v. Fleming, 43 Minn. 513, 45 N. W. 1099; Hook v. Northwest T. Co. 91 Minn. 482, 98 N. W. 463. The interest of the vendor is as stated, though it passes as personalty upon his death. State ex rel. Hilton v. Probate Court, 145 Minn. 155, 176 N. W. 493. If the contract of sale does not forfeit the policy, the depositing of a deed in escrow, to be delivered on completion of the payments, does not. Moore v. St. Paul F. & M. Ins. Co. 176 Iowa, 549, 156 N. W. 676. The deposit in escrow does not make the contract of sale anything more. The plaintiff remained liable on the mortgage notes. In the mortgages he had agreed to procure insurance for the protection of the fortgagee. He was liable on the Radovich note of

$1,480. He was in reality borrowing from the bank. He had an insurable interest in the property; so had Radovich. See Banner Laundry Co. v. Great Eastern Casualty Co. 148 Minn. 29, 180 N. W. 997, and authorities cited; National Fire Ins. Co. v. Itasca Lumber Co. 148 Minn. 170, 181 N. W. 337; 2 Joyce, Ins. §§ 977, 983; Cooley, Briefs on Ins. and Supp. 188-190; 14 R. C. L. 916.

We are not cited a case construing a policy with a condition of forfeiture in the precise language of the one before us. Some policies protect against an alienation; others against a sale or conveyance or encumbrance; others against a change in title, interest or possession; and others avoid the insurance if the insurer is not the entire, unconditional and sole owner.

In construing such or similar conditions some courts emphasize the change of moral hazard attendant upon a change of interest or a change of possession; others direct serious attention to the question whether the insured retains an insurable interest. Both are legitimate considerations. In King v. Hartford Fire Ins. Co. 133 Minn. 322, 158 N. W. 435, Ann. Cas. 1918D, 861, involving a Canadian policy forfeiting the insurance "if the property insured is assigned without a written permission indorsed hereon," it was held that an assignment of the property by way of security did not forfeit the insurance. Mr. Justice Bunn said:

"The cases hold quite generally that what such a provision as the one under discussion is intended to provide against, is a transfer or assignment of the insured's entire interest in the property, so that he does not retain an insurable interest and that a chattel mortgage is not such a transfer or assignment."

The plaintiff cites Gibb y. Philadelphia Fire Ins. Co. 59 Minn. 267, 61 N. W. 137, 50 Am. St. 405. The policy contained a condition of forfeiture: "If any change other than by the death of an insured takes place in the interest, title or possession of the subject of insurance." It was held that an executory agreement to convey under which the vendee took possession and paid a portion of the purchase price worked a forfeiture because of the change of interest. The court said [page 263]:

"It is held by the great weight of authority that, where the condition is against any change in the title, there is no breach unless there is a change in the legal title—that, as long as the insured retains the legal title and an insurable interest in the premises, the policy is not avoided by a transfer of the equitable title or of equitable interests; but we cannot apply this doctrine to a condition against any change of interest. The terms are not synonymous, as contended by counsel. The word 'interest' is broader than the word 'title' and includes both legal and equitable rights."

Under a like condition it was held in Garner v. Ins. Co. 73 Kan. 127, 84 Pac. 717, 4 L. R. A. (N. S.) 654, 117 Am. St. 460, 9 Ann. Cas. 459, that such a contract did not avoid the policy either as affecting a change of title or a change of interest. And see Erb v. German Am. Ins. Co. 98 Iowa, 606, 67 N. W. 583, 40 L. R. A. 845; Grable v. German Ins. Co. 32 Neb. 645, 49 N. W. 713. In Brighton Beach Racing Assn. v. Insurance Co. 113 App. Div. 728, 99 N. Y. Supp. 219, affirmed without opinion in 189 N. Y. 526, 82 N. E. 1124, it was held under a like provision that a contract of sale constituted a change both in title and interest and forfeited the policy. And see Grunauer v. Westchester Fire Ins. Co. 72 N. J. Law, 289, 62 Atl. 418, 3 L. R. A. (N. S.) 107.

The plaintiff cites among other cases, and they directly or indirectly support his claim, Kempton v. State Ins. Co. 62 Iowa, 83, 17 N. W. 194; Grable v. German Ins. Co. 32 Neb. 645, 49 N. W. 713; Browning v. Home Ins. Co. 71 N. Y. 508, 27 Am. Rep. 86; Hill v. Cumberland Co. 59 Pa. St. 474; Arkansas Fire Ins. Co. v. Wilson, 67 Ark. 553, 55 S. W. 933, 48 L. R. A. 510, 77 Am. St. 129; Washington Fire Ins. Co. v. Kelly, 32 Md. 421, 3 Am. Rep. 149; Phenix Ins. Co. v. Caldwell, 187 Ill. 73, 58 N. E. 314, affirming 85 Ill. App. 104; National Fire Ins. Co. v. Three States Lumber Co. 217 Ill. 115, 75 N. E. 450, 108 Am. St. 239.

The policy in the Kempton case contained a condition of forfeiture "if said property shall be sold, conveyed or incumbered." It was held that an executory contract of sale did not work a forfeiture. Possession had not been taken at the time of the loss. The defendant urges that it is overruled by Davidson v. Hawkeye Ins.

Co. 71 Iowa, 532, 32 N. W. 514, 60 Am. Rep. 818, involving a policy with a like condition of forfeiture. The Davidson case assumes to distinguish the Kempton case. In Pringle v. Des Moines Ins. Co. 107 Iowa, 742, 77 N. W. 521, it is said that the two cases are not in conflict. In Moore v. St. Paul F. & M. Ins. Co. 176 Iowa, 549, 560, 156 N. W. 676, involving policy with a condition of forfeiture upon a change of title, interest or possession, the Kempton case is cited with a statement that "the change in interest or title which will avoid the policy must be a present and absolute one."

The Iowa cases, so far as we have traced them, consider possession an important factor, perhaps both because of the moral hazard attending a change and the character of the interest transferred. So do others. The defendant urges that the Illinois cases cited are without force because, under the law of this state, the vendee did not take an equitable title. This may be of some significance but it is not controlling. The vendor retained the legal title and had an insurable interest. So he does in Minnesota.

The defendant cites, among other cases, and they directly or indirectly support its claim that there was a sale and forfeiture, Davidson v. Hawkeye Ins. Co. 71 Iowa, 532, 32 N. W. 514, 60 Am. Rep. 818, noted above; Brighton Beach Racing Assn. v. Ins. Co. 113 App. Div. 728, 99 N. Y. S. 219, noted above; Brickell v. Atlas Assur. Co. 10 Cal. App. 17; Des Moines Ins. Co. v. Moon, 33 Okl. 437, 126 Pac. 753; Vancouver Nat. Bank v. Law Union & Crown Ins. Co. (C. C.) 153 Fed. 440.

The defendant, in addition, makes an argument in support of a claim of forfeiture based upon the rule that the loss in the event of destruction falls upon the vendee. The weight of authority is that under a contract such as the one before us the loss occasioned by the destruction of the insured property is that of the vendee. 1 Tiffany, Real Prop. § 126. The cases are collected in a note in 22 A. L. R. 575. The defendant refers to this rule and cites many cases holding that under policies requiring the ownership of the insured to be sole, unconditional and entire, the vendee has an insurable interest and his equitable title satisfies the condition. Phenix Ins. Co. v. Kerr, 129 Fed. 723, 64 C. C. A. 251, 66 L. R. A.

569; Milwaukee Mechanics Ins. Co. v. Rhea, 123 Fed. 9, 60 C. C. A. 103; Pennsylvania Fire Ins. Co. v. Hughes, 108 Fed. 497, 47 C. C. A. 459; B. S. Loventhal & Son v. Home Ins. Co. 112 Ala. 108, 20 South. 419, 33 L. R. A. 258, 57 Am. St. 17; Arkansas Ins. Co. v. Cox, 21 Okl. 873, 98 Pac. 552, 20 L. R. A. (N. S.) 775, 129 Am. St. 808; Johannes v. Standard Fire Office, 70 Wis. 196, 35 N. W. 298, 5 Am. St. 159; Imperial F. Ins. Co. v. Dunham, 117 Pa. St. 460, 12 Atl. 668, 2 Am. St. 686. The cases of this kind are in substantial harmony. An occasional suggestion is found that there cannot be such ownership in the vendee and a like ownership in the vendor; but we do not take it to follow that because the vendee's insurance is not forfeited by such a condition the insurance of the vendor is forfeited because of a condition against a change of title or sale or a similar condition. The cases hardly say so. The law dislikes a forfeiture of the vendee's insurance and it dislikes a forfeiture of the vendor's insurance.

The cases involving forfeitures are in confusion, partly so because of the variant conditions of the policies and partly because of the angle of approach taken by different courts in coming to a construction of them. We are of the view that the plaintiff's position is the better supported by the authorities. It may be noted that the condition of the standard policy provides a forfeiture in the event of an increase of risk through a change of situation or circumstances with the knowledge or consent of the insured and without the assent of the insurer. The insurer is not without protection against an increase of hazard. We hold that the contract of sale did not forfeit the plaintiff's insurance.

2. The plaintiff covenanted in his mortgages to keep the property insured in the sum of $3,000 for the protection of the mortgagee. It seems that the plaintiff would be entitled in equity to a lien or charge upon the insurance money, there being no forfeiture, upon a failure of the mortgagor to make the policy payable in case of loss to the mortgagee. Ames v. Richardson, 29 Minn. 330, 13 N. W. 137. Probably the mortgagee could come into the mortgagor's action on the policy and impress the proceeds with a lien. Under our holding that there was not a forfeiture, the defendant must

pay somebody the full amount of the loss, either the plaintiff or the plaintiff and the intervener. If the contract of sale forfeited the policy, then, under G. S. 1913, § 3318, protecting the rights of a mortgagee, when loss is payable to him, against a forfeiture for an act of the mortgagor, the question whether the intervener was entitled to relief by way of specific performance or reformation would be a practical one. Sterling Fire Ins. Co. v. Beffrey, 48 Minn. 9, 50 N. W. 922; Magoun v. Firemen's Fund Ins. Co. 86 Minn. 486, 91 N. W. 5, 91 Am. St. 370; Moore v. Sun Ins. Office, 100 Minn. 374, 111 N. W. 260. It does not seem important here, but the question whether the defendant agreed to make the policies payable to the intervener is before us for decision.

There is evidence that the intervener telephoned to the agent of the insurance company requesting him to make the policies payable in case of loss to the mortgagee and that he promised to do so. This the agent denies. There are circumstances in the case supporting the intervener's claim, and there are circumstances sustaining the insurance company's denial. There is evidence that the intervener relied upon the insurance when it advanced the money on the mortgages. The findings on these issues are in favor of the intervener and they are sustained by the evidence. The making of a contract for insurance or of present insurance is not a very formal matter. It is done every day by telephone. Insurance companies could not perform the efficient service which they now render if contracts could not be made quickly and without formality in accordance with prevailing business usages.

The evidence sustains the finding that a request and promise of insurance payable to the mortgagee were made. It is not important whether the recovery is sustained upon the theory of a reformation or upon the theory of specific performance.

3. The plaintiff claims that the finding that the loss was total is not sustained. The plaintiff, himself a contractor, made a sworn statement which fixed the value at $2,618.60. In it he said that he thought he would be willing to take that amount. At the trial his own testimony and that of two other contractors made the loss total, and in a sum equal to the amount of the policy. The value might have been found to be less, but the finding is sustained.

Judgment affirmed.