## ADAM BAUGHMAN AND OTHERS v. NIAGARA FIRE INSURANCE COMPANY.[1]

May 22, 1925.

No. 24,536.

**When former owner of property has insurable interest therein.**

1. A person who mortgages his property and then conveys, and his grantee assumes and agrees to pay such mortgage, has an insurable interest.

**When assent of agent to transfer binds insurer.**

2. When such policy provides against liability if "without such assent the property should be sold," and the agent of the insurance company who has authority to make contracts of insurance is fully informed that a sale has been made, and it is desired upon an exchange of deeds to have the consent of the company to the transfer and a mortgage clause attached and such agent agreed "that he would attend to it," the knowledge, agreement, and conduct of such agent amounts to a verbal assent of the company to the transfer.

**When insurance company is liable.**

3. Where an insurance company knows the facts mentioned in the opinion, and does not cancel or attempt to cancel the policy and keeps and retains the premiums received from the insured and treats the contract as valid, and the insured still has an insurable interest which is known to the insured, it is liable.

**When mortgagee is entitled to receive amount plaintiff recovers.**

4. Under such circumstances the mortgagee is entitled to receive from plaintiff any sum which he recovers from the insurer.

1. See Fire Insurance, 26 C. J. p. 20, § 10.
2. See Fire Insurance, 26 C. J. p. 131, § 151; p. 302, § 376.
3. See Fire Insurance, 26 C. J. p. 323, § 402.
4. See Fire Insurance, 26 C. J. p. 443, § 590.

Action in the district court for Winona county to recover upon a fire insurance policy. The case was tried before Callaghan, J., who

[1] Reported in 204 N. W. 321.

ordered judgment in favor of plaintiff Baughman and The Merchants Bank of Winona. Defendant appealed from an order denying its motion for a new trial. Affirmed.

*Nathan H. Chase,* for appellant.

*Webber, George & Owen,* for respondents.

WILSON, C. J.

Plaintiff Adam Baughman owned a farm on which were buildings insured in Niagara Fire Insurance Company. Its local agent was one Clark. Plaintiff gave a mortgage to Merchants Bank of Winona. No mortgage clause was attached to the policy. He disposed of the farm to Todd, who in the deed assumed and agreed to pay the mortgage.

A few days prior to July 29, 1921, plaintiff told Clark he might dispose of the property and would see him about the insurance. On July 29 a deed was made and it, with the insurance policy and abstract, was left with a lawyer for delivery upon consummation of the exchange of properties. Plaintiff then saw Clark and told him what had been done. Plaintiff informed Clark that, when he went to plaintiff bank for abstract, he had been told that the bank should have the insurance policy with a mortgage clause on it, and he told Clark if the policy was transferred he wanted him to put one on. Plaintiff also told Clark that his attorney would get his papers and keep them until he, plaintiff, returned from the state of Washington, for which state he was to leave in a couple of days—and that in the meantime he did not want the insurance canceled as he wanted to protect the bank. Clark told him that would be all right, that he would attend to it. It was understood and agreed that, if the deal went through, the insurance policy should be assigned to the new owner. Plaintiff left the state. The deal was closed. The policy was not assigned; the mortgage clause was not added. Eleven months later plaintiff returned to the state, received his papers and, assuming they were as he had planned, put them in his safe deposit box. On February 15, 1923, the dwelling house on the farm burned. The mortgage to the bank had not been paid. The defendant denied liability. The court found for plaintiff and defendant has appealed from an order denying its motion for a new trial.

Because of plaintiff's liability on the mortgage note to the bank, he had an insurable interest in the property, even though his grantee had assumed the mortgage. Lumbermen's Nat. Bank v. Corrigan, 167 Wis. 82, 166 N. W. 650; Williams v. Roger Williams Ins. Co. 107 Mass. 377, 9 Am. Rep. 41; Waring v. Loder, 53 N. Y. 581; Lycoming Fire Ins. Co. v. Jackson, 83 Ill. 302, 25 Am. Rep. 386; Norwich Fire Ins. Co. v. Boomer, 52 Ill. 442, 4 Am. Rep. 618; Hanover Fire Ins. Co. v. Bohn, 48 Neb. 743, 67 N. W. 774, 58 Am. St. 719; 26 C. J. 29. It is, however, claimed by appellant that this insurable interest is not the interest insured. We find some support for this contention in Collins v. St. Paul F. & M. Ins. Co. 44 Minn. 440, 46 N. W. 906. But this case must be governed by its own facts. The prohibition against a transfer is as a rule intended to prevent an assignment or transfer so that the insured does not retain an insurable interest. Mark v. Liverpool & L. & G. Ins. Co. 159 Minn. 315, 198 N. W. 1003; King v. Hartford Fire Ins. Co. 133 Minn. 322, 158 N. W. 435, Ann. Cas. 1918D, 861.

Clark as the agent of appellant had authority to make contracts of insurance. He was fully advised as to the facts and he agreed "that he would attend to it." He was authorized to give the usual consent to the transfer and to attach the mortgage clause. For all the purposes of this case he was the company. The provision in the policy does not render the policy void because of a transfer, but it provides against liability if "without such assent the property shall be sold." The policy does not require the assent to be in writing. The consent may be given orally or it may be waived. 26 C. J. 131; McCabe Bros. v. Aetna Ins. Co. 9 N. D. 19, 81 N. W. 426, 47 L. R. A. 641; Hawthorne v. German Alliance Ins. Co. 181 Ill. App. 88; American Cent. Ins. Co. v. Hardin, 148 Ky. 246, 146 S. W. 418; King v. Hekla Fire Ins. Co. 58 Wis. 508, 17 N. W. 297; Mallette v. British-Am. Assur. Co. 91 Md. 471, 46 Atl. 1005; Willson v. German Am. Ins. Co. 95 Neb. 774, 146 S. W. 945. A parol confirmation of a policy to a new owner of the property is valid. Wood v. Rutland Ins. Co. 31 Vt. 552. The knowledge, agreement and conduct of the insurance agent amounted to a verbal assent of the company to the transfer, and such assent is by implication em-

braced in the findings above mentioned. In fact, such conclusion seems inevitable when we consider the statements of the agent, later made to appellant in letters in evidence, wherein he acknowledges the "fault" in not attaching the mortgage clause, and he also says that he was informed that the place was sold.

Where an insurance company knows the facts, as it did here, and that the insured is no longer the owner in fee, but does not cancel or attempt to cancel the policy and keeps and retains the premiums received from the insured, and treats the contract as valid, and the insured still has an insurable interest, which is known to the insured, it is liable. Hanover Fire Ins. Co. v. Bohn, 48 Neb. 743, 67 N. W. 774, 58 Am. St. 719.

The trial court dismissed the action as to plaintiff Todd who acquired the property. He has not appealed. Plaintiff covenanted with the bank to keep the buildings insured in its favor and the court properly held that the bank is entitled to receive from plaintiff any sum which he recovers from the appellant. Mark v. Liverpool & L. & G. Ins. Co. 159 Minn. 315, 198 N. W. 1003.

Affirmed.