JOHN W. ALLEN v. ST. PAUL FIRE & MARINE INSURANCE COMPANY.[1]

April 23, 1926.

No. 25,117.

**Union mortgage insurance clause.**
    1. The union mortgage clause in an insurance policy constitutes an independent contract between the insurer and the mortgagee; and that contract is not avoided though at the time of the issuance of the policy there was other insurance upon the property, and though it was a condition of the policy that in such event the policy should be void.

**Mortgagee's interest insurable.**
    2. A mortgagee has an insurable interest in the mortgaged property.

[1]Reported in 208 N. W. 816.

**Insurance obtained by mortgagee valid, irrespective of other insurance on mortgagor's interest.**

3. The mortgagor in a mortgage in which the plaintiff was mortgagee covenanted to keep the mortgaged property insured in a stock company, loss payable to the mortgagee, and agreed that if he failed to do so the mortgagee might procure insurance, and that the cost thereof should be a lien upon the property. The mortgagor procured insurance in a farmers mutual company. He informed the mortgagee that he had none, and in effect refused to get any. The mortgagee procured a policy in a stock company in the usual standard form with a union mortgage clause, and with loss payable to himself as mortgagee. It is *held* that whether the policy be considered as insuring the mortgage interest of the plaintiff, or covering the property of the mortgagor with loss payable to the plaintiff under a union mortgage clause, it was valid as between the defendant and the plaintiff and not affected by the other insurance existing at the time on the mortgagor's interest.

**Proofs of loss waived.**

4. The defendant was notified of the loss and sent an adjuster to investigate. The answer admitted the receipt of purported proofs. The company promptly denied liability because of the existence of the policy issued by the farmers mutual. *Held* that proofs of loss were waived.

Fire Insurance, 26 C. J. p. 29 n. 22; p. 189 n. 9; p. 192 n. 70; p. 408 n. 73.

See notes in 18 L. R. A. (N. S.) 197; 25 L. R. A. (N. S.) 1226; 31 L. R. A. (N. S.) 455; L. R. A. 1915C, 728; 14 R. C. L. 1086; 3 R. C. L. Supp. 339; 4 R. C. L. Supp. 938.
See note in L. R. A. 1917A, 607.

Action in the district court for Clay county on a fire insurance policy. The case was tried before Nye, J., who directed a verdict in favor of plaintiff. Defendant appealed from an order denying its motion for a new trial. Affirmed.

*Oppenheimer, Dickson, Hodgson, Brown & Donnelly* and *Christian G. Dosland,* for appellant.

*Charles S. Marden* and *Henry C. Stiening,* for respondent.

DIBELL, J.

Action on a policy of fire insurance. The court directed a verdict for the plaintiff. The defendant appeals from the order denying its motion for a new trial.

1. Henry Aigner was the owner of a farm mortgaged to the plaintiff. In the mortgage he and his wife covenanted:

"At their own expense to keep the buildings on said premises at all times insured in some reliable stock insurance company or companies, to be approved by the party of the second part, his heirs or assigns, for at least the sum of $2,000, payable in case of loss to said party of the second part to the amount then secured by this mortgage; and in case of failure * * * to keep said buildings so insured, the said party of the second part, his heirs, administrators, or assigns, may at his option * * * effect such insurance on such buildings, and the sum or sums which may be so paid by said party of the second part, his heirs, administrators, or assigns, * * * in effecting such insurance, shall bear interest from the time of such payment, at the rate of six per cent per annum * * * and shall be deemed * * * to be an additional lien upon said premises."

On July 18, 1921, Aigner insured his buildings for 5 years in a farmers mutual company for $4,700, $1,500 of which was on his dwelling house. He did not make the loss payable to the plaintiff. A fire destroyed his dwelling in April, 1922. A few months before the plaintiff interviewed him about the insurance. They were not on friendly terms. Aigner told him that he had no insurance. The plaintiff asked him to procure insurance, and he told him he would when he got the money. He knew of the covenant in the mortgage, and understood that the plaintiff "could force me to go and put on insurance. I thought that he had a right to do that." The plaintiff surveyed the buildings and told Aigner that he was going to insure and Aigner told him "that was his business."

In February, 1923, an application was made to the defendant to insure in the sum of $3,000, of which $1,200 was on the dwelling house. The application was entitled: "Application of Henry Aigner, Post Office Barnesville, County of Clay, State of Minnesota." It was

signed, in the handwriting of the plaintiff: "Henry Aigner, by John Allen, Applicant." The plaintiff also signed the agent's report. Apparently he at times solicited insurance through the defendant's agency at Moorhead. The policy contained a loss payable clause in the language of the statute, G. S. 1923, § 3512, as follows:

"Subject to the stipulations, provisions, and conditions contained in this policy, the loss, if any, is payable to John W. Allen, Barnesville, Minn. mortgagee, as his, her, its or their interest may appear."

The policy contained a union mortgage clause in the language of the statute, G. S. 1923, § 3512, as follows:

"If this policy shall be made payable to a mortgagee of the insured real estate, no act or default of any person other than such mortgagee, or his agents, or those claiming under him, shall affect such mortgagee's right to recover in case of loss on such real estate."

Each policy, that of the farmers mutual and that of the defendant, had this provision:

"This policy shall be void   *   *   *   if the assured now has or shall hereafter make any other insurance on said property without the assent of the company."

When a policy contains a clause making the loss payable to the mortgagee as his interest may appear, sometimes called an open mortgage clause, the mortgagee is a sort of conditional appointee to receive what would otherwise come to the mortgagor, and if the mortgagor forfeit his right to insurance the loss payable clause is of no avail to the mortgagee; but under the union mortgage clause the mortgagee has an independent contract with the insurer which is not affected by the future conduct of the insuring mortgagor. Bankers Joint Stock Land Bank v. St. Paul F. & M. Ins. Co. 158 Minn. 363, 197 N. W. 749; Magoun v. Fireman's Fund Ins. Co. 86 Minn. 486, 91 N. W. 5, 91 Am. St. 370. Whether acts done prior to the issuance of the policy containing the union mortgage clause avoid the insurance is a question of greater difficulty. In Syndicate Ins. Co. v. Bohn, 12 C. C. A. 531, 544, 65 F. 165, 178, 27 L. R. A. 614, the circuit court of appeals of this circuit, Sanborn, J., said:

"Our conclusion is that the effect of the union mortgage clause, when attached to a policy of insurance running to the mortgagor, is to make a new and separate contract between the mortgagee and the insurance company, and to effect a separate insurance of the interest of the mortgagee, dependent for its validity solely upon the course of action of the insurance company and the mortgagee, and unaffected by any act or neglect of the mortgagor, of which the mortgagee is ignorant, whether such act or neglect was done or permitted prior or subsequent to the issue of the mortgage clause."

And in Smith v. Union Ins. Co. 25 R. I. 260, 266, 55 Atl. 715, 717, 105 Am. St. 882, the court said:

"And the two contracts combined in the policy and the mortgage clause are separable and independent from the beginning. When the first fails, or if it never attaches, the second begins and proceeds subject to its own conditions and limitations."

This is very nearly, if not precisely, the holding in Magoun v. Fireman's Fund Ins. Co. 86 Minn. 486, 91 N. W. 5, 91 Am. St. 370. All the authorities are not to that effect. See notes 18 L. R. A. (N. S.) 196-208, 25 L. R. A. (N. S.) 1226, and 31 L. R. A. (N. S.) 455, where the cases are collated. But the demand for actual security to the mortgagee, and the apparent purpose of the union clause, make it the rule which must necessarily prevail. The following cases may be noted: Hastings v. Westchester F. Ins. Co. 73 N. Y. 141; Eddy v. London Assur. Corp. 143 N. Y. 311, 38 N. E. 307, 25 L. R. A. 686; Hanover Fire Ins. Co. v. Bohn, 48 Neb. 743, 67 N. W. 774, 58 Am. St. 719; Hartford Fire Ins. Co. v. Olcott, 97 Ill. 439.

2. The plaintiff, as mortgagee, had an insurable interest in the buildings. 26 C. J. 29; Imperial Elev. Co. v. Bennett, 127 Minn. 256, 149 N. W. 372; Mark v. Liverpool & L. & G. Ins. Co. 159 Minn. 315, 198 N. W. 1003, 38 A. L. R. 310. The mortgagor and mortgagee have separate property interests.

3. The policy is to be taken as one covering the insurable interest of the plaintiff, that is, one taken by him for his own benefit, or as one taken in the name of Aigner, under the authority of the mortgage, with a union mortgage clause and loss payable to the

plaintiff. It is not a nullity. The policy is to be taken either as insuring the plaintiff's mortgage interest, with no misrepresentations, for there was no other insurance upon his interest, or as insuring the mortgagor's interest, with a union mortgage clause and loss payable to the mortgagee, and a misrepresentation as to other insurance which would not affect the mortgagee. In either event the insurer should pay. Upon the effect on the mortgagor of the mortgagee taking insurance on his interest Gould v. Maine F. M. F. Ins. Co. 114 Me. 416, 96 Atl. 732, with annotation in L. R. A. 1917A, 604, 607-610, may be noted. Both parties cite Church of St. George v. Sun Fire Office Ins. Co. 54 Minn. 162, 55 N. W. 909. It is not controlling for either.

4. There is the further question of the waiver of proofs of loss. The complaint alleges that on May 1, 1923, the plaintiff made proof of loss as required by the policy and presented it to the defendant; and that the defendant denied liability. The answer admitted "that on or about the thirtieth day of April, 1923, the frame dwelling house described in said complaint was entirely or partially destroyed by fire and admits that thereafter plaintiff rendered to defendant what purported to be proofs of loss on account of said fire." No complaint was made at the time nor afterwards of the insufficiency of the proof. An adjuster of the defendant investigated and denied liability on the definite ground that the policy assumed to insure Aigner with loss payable to the plaintiff as mortgagee, that Aigner did not authorize such insurance, and that, contrary to the condition of the policy, there was other insurance on the property which voided the policy in the defendant company. This has been the defendant's consistent defense. The defendant never wanted more proof and it cannot complain now of what it received. When it investigated through its adjuster and denied liability, the waiver was complete. See Jones v. Fidelity & C. Co. 166 Minn. 100, 207 N. W. 179, and cases cited; Reliance Motor Co. v. St. Paul F. & M. Ins. Co. 165 Minn. 442, 206 N. W. 655, and cases cited.

Perhaps the rights of the parties might have been worked out differently. It may be that the plaintiff could have charged the in-

surance coming from the farmers mutual insurance company with a lien by force of the covenant in the mortgage. See Mark v. Liverpool & L. & G. Ins. Co. 159 Minn. 315, 198 N. W. 1003, 38 A. L. R. 310, and cases cited. It may be that the defendant could have paid the plaintiff, and then have charged the insurance coming from the farmers mutual just as the plaintiff might have done; or it may have had a right to take over the mortgage under the provisions of G. S. 1923, § 3512, embodied in the policy. But no such things were sought to be done, and we need not speculate.

Order affirmed.