**FARMERS STATE BANK OF RUSSELL, Respondent,**

v.

**WESTERN NATIONAL MUTUAL INSURANCE COMPANY, Appellant.**

No. C9–89–1787.

Court of Appeals of Minnesota.

May 1, 1990.

Leland Bush, Tyler, for respondent.

Robert L. Gjorvad, Runchey, Louwagie & Wellman, Marshall, for appellant.

Considered and decided by CRIPPEN, P.J., and GARDEBRING and SCHULTZ, JJ.

## OPINION

HAROLD W. SCHULTZ, Acting Judge.*

Appellant Western National Mutual Insurance Company challenges a judgment obligating it to reimburse Farmers State Bank as the loss payee on an insurance policy. The trial court found that an insurer is entitled to rescind the policy coverage as to the insured but is obligated to contin-

---

* Acting as judge of the Court of Appeals by ap-    pointment pursuant to Minn. Const. art. VI, § 2.

ue coverage for the loss payee who is innocent of any misrepresentations.

## FACTS

LeRoy Steenhoven repairs and resells vehicles. His nephew, Jeff Steenhoven, offered to purchase a repaired 1986 Ford Ranger pickup prior to commencing his duties with the Air Force in Alaska. At the time he made this offer, Jeff was residing with LeRoy.

On October 15, 1987, LeRoy and Jeff went to Farmers State Bank where Jeff obtained a loan to purchase the pickup. Jeff talked to an insurance agent in the bank but rejected the insurance quotes as too high. The Steenhovens promised to obtain insurance coverage for the pickup that day. They went to Western National Insurance where LeRoy requested that the pickup be added as a covered vehicle to his existing policy. It is undisputed that he did not inform the agent that Jeff was the title owner of the pickup.

The pickup was destroyed in an accident on October 17, 1987. LeRoy filed a claim with Western National. During the investigation, Western National discovered that LeRoy was not the title owner of the pickup and rescinded its insurance policy on the basis that LeRoy's misrepresentations were made with the intent to defraud or substantially increased the insurer's risk of loss.

Farmers State Bank brought suit for payment pursuant to its status as loss payee on the insurance contract. After trial to the court, judgment was entered in favor of Farmers State Bank. Western National appeals from the judgment.

## ISSUE

Did the court err in finding that violations of Minn.Stat. § 60A.08, subd. 9 do not avoid coverage for the loss payee on the insurance contract?

## ANALYSIS

Upon review of a legal question, it is the appellate court's function to independently analyze the issue as the trial court's resolu-

tion of a question of law is not binding on a reviewing court. *See A.J. Chromy Construction Co. v. Commercial Mechanical Services, Inc.*, 260 N.W.2d 579, 582 (Minn. 1977). The parties, in effect, asked the trial court to assume that violations of Minn.Stat. § 60A.08, subd. 9 had occurred and to determine whether insurance coverage would remain effective for the loss payee in spite of those violations. The trial court was therefore presented with a question of law.

The "Loss Payable Clause" in the insurance contract between LeRoy and Western National provides:

> Loss or damage under this policy shall be paid, as interest may appear, to you and the loss payee shown in the Declarations or in this endorsement. This insurance with respect to the interest of the loss payee, shall not become invalid because of your fraudulent acts or omissions unless the loss results from your conversion, secretion or embezzlement of your covered auto. However, we reserve the right to cancel the policy as permitted by policy terms and the cancellation shall terminate this agreement as to the loss payee's interest. We will give the same advance notice of cancellation to the loss payee as we give to the named insured shown in the Declarations.
>
> When we pay the loss payee we shall, to the extent of payment, be subrogated to the loss payee's *rights of recovery.*

While the loss payable clause deals with the relationship between the insurer and the loss payee, Minn.Stat. § 60A.08, subd. 9 focuses on the relationship between the insurer and the insured. Subdivision 9 provides in part:

> No oral or written misrepresentation made by the assured, or in the assured's behalf, in the negotiation of insurance, shall be deemed material, or defeat or avoid the policy, or prevent its attaching, unless made with intent to deceive and defraud, or unless the matter misrepresented *increases the risk of loss.*

Minn.Stat. § 60A.08, subd. 9 (1988). This subdivision of the statute does not mention

the effect of such misrepresentations by the insured on the rights of a loss payee.

The Minnesota Supreme Court addressed the issue of the rights of a loss payee in *American National Bank & Trust Co. v. Young,* 329 N.W.2d 805 (Minn.1983). In that case, Young had obtained a loan from American for the purchase of a plane and identified American as the loss payee on his insurance policy with Avemco. The court found in *Young* that the language in the loss payee clause constituted a "standard mortgage clause" which evidences a separate agreement between the insurer and loss payee. *Young,* 329 N.W.2d at 810. The court quoted with approval from an earlier opinion which held that:

> [T]he two contracts combined in the policy and the mortgage clause are separable and independent from the beginning. When the first fails, or if it never attaches, the second begins and proceeds subject to its own conditions and limitations.

*Id.* (quoting *Allen v. St. Paul Fire and Marine Insurance Co.,* 167 Minn. 146, 150, 208 N.W. 816, 818 (1926)). The court noted this issue has been considered in cases involving fire insurance policies, but stated that "no distinction appears to be made between fire insurance and chattel policies * * * hence, the same principles apply to insurance coverage on an airplane." *Young,* 329 N.W.2d at 811. The court concluded coverage existed for the loss payee as two separate contracts of insurance were extended by Avemco and the acts of the insured could not defeat the rights of the loss payee. *Id.* at 813.

Similarly, the insurance contract between LeRoy and Western National provides that no actions by the insured, apart from conversion, secretion, or embezzlement of the insured vehicle, will invalidate the interest of the loss payee. The loss payee clause in the insurance contract written by Western National is a standard mortgage clause which constitutes a separate agreement between the insurer and the loss payee.

Minn.Stat. § 60A.08, subd. 9 does not provide that misrepresentations of an insured will void the policy from its inception. Rather the language is general; it states that no misrepresentations will "defeat or avoid the policy, or prevent its attaching" unless they are fraudulent or would increase the risk of loss. Appellant argues that an insurer has the ability to void an insurance contract, citing *Howard v. Aid Association for Lutherans,* 272 N.W.2d 910 (Minn.1978). *Howard,* however, involves a life insurance contract. There is a vital distinction between cases involving life insurance and automobile insurance. *Nielsen v. Mutual Service Casualty Insurance Co.,* 243 Minn. 246, 255, 67 N.W.2d 457, 462 (1954). There is no support, either in case law or in Minn.Stat. § 60A.08, subd. 9, for appellant's assertion that an insurance contract may be void from its inception due to misrepresentations by the insured.

The terms of the insurance policy itself provide that no actions of the insured, apart from those specified, will affect the rights of the loss payee. The policy also states that the insurer may terminate the policy upon written notice to the named insured. Nothing in the insurance contract allows an insurer to void the policy at any time.

Minn.Stat. § 60A.08, subd. 9 allows an insurer to defeat or avoid a policy if misrepresentations made by the insured are fraudulent or increase the risk of loss. The statute does not address the rights of a loss payee in a situation where the statute applies to defeat the insured's interest in the policy. The insurance contract between LeRoy and Western National includes a loss payable clause which protects the rights of the loss payee. Such clauses allow recovery by a loss payee even where the insured has misrepresented material facts.

### DECISION

The trial court did not err in granting judgment in favor of Farmers State Bank as loss payee on an insurance contract where the policy is invalidated as to the insured.

Affirmed.