**Daniel S. RYAN, et al., Appellants,**

v.

**CITY OF COON RAPIDS, Respondent.**

**No. C0–90–1263.**

Court of Appeals of Minnesota.

Nov. 6, 1990.

Review Denied Jan. 14, 1991.

M.T. Fabyanske, Holly A.R. Hart, Fabyanske, Svoboda, Westra & Davis, P.A., Todd Goderstad, Gen. Counsel, Associated General Contractors of Minnesota, St. Paul, for appellants.

Alden C. Hofstedt, City Atty., Coon Rapids, for respondent.

Considered and decided by DAVIES, P.J., and PARKER and LANSING, JJ.

## OPINION

DAVIES, Judge.

The trial court concluded that the City of Coon Rapids had sufficient cause to reject all bids and to rebid a project. It denied Daniel Ryan's motion for a permanent injunction against rebidding. Ryan appeals challenging the City's authority to reject all bids. We affirm.

## FACTS

On December 15, 1989, the City of Coon Rapids (City) issued an invitation to bid on the construction of two water treatment plants. The instructions stated in relevant part:

> Owner shall award a contract to the Bidder whom, in Owner's judgment, is the lowest responsive, responsible Bidder. Owner reserves the right to reject all Bids, to award the contract by sections, to waive informalities, and to reject nonconforming, nonresponsive, or conditional Bids.

The bids were opened on January 30, 1990. Adolfson & Peterson, Inc. (A & P) submitted the lowest bid of $5,984,200. The second lowest bid was submitted by appellant Knutson Construction Company (Knutson). A & P's bid and Knutson's bid of $6,810,000 were both less than the estimated cost of the project. A day after its bid was submitted, A & P telegraphed the City that it had neglected to include a $673,000 electrical subcontract in its bid. A & P asked the City either to correct its bid by adding the omitted amount or to

allow it to withdraw the bid. Minnesota law prohibits changing the amount of a bid after a bid opening, but the City did reject A & P's bid.

A representative from A & P attended a city council meeting and asked the council to reject all bids and rebid the project. The council voted to do so. The stipulated reason was that the second round of bids would be lower because bidders would know of the low rejected A & P bid.

Knutson, the low bidder after A & P, sought an injunction against the City to stop it from resoliciting bids. The trial court found that Knutson did not have standing to sue, so Knutson amended its complaint to include, as plaintiff, Daniel S. Ryan, a Knutson employee and citizen of Coon Rapids.[1] After reviewing the evidence, the trial court denied Ryan's motion for a permanent injunction and entered judgment for the City. Ryan appeals from the trial court decision and requests bid preparation costs and attorney fees.

## ISSUE

Did the City act properly when it rejected all bids and resolicited bids for the project?

## ANALYSIS

This court has stated the standard of review as follows:

> [I]t is the appellate court's function to independently analyze the issue as the trial court's resolution of a question of law is not binding on a reviewing court.

*Farmers State Bank v. Western Nat'l Mut.*, 454 N.W.2d 651, 652 (Minn.App. 1990).

The paramount purpose of the statutory bidding process is to protect the public interest by requiring contracts to be let to the lowest responsible bidder. *Foley Bros., Inc. v. Marshall*, 266 Minn. 259, 264, 123 N.W.2d 387, 391 (1963). The City had no statutory authority to reject all bids. The supreme court has said, however, that:

1. Later Associated General Contractors of Minnesota affiliated with Ryan and Knutson by

providing co-counsel.

Even in the absence of a constitutional or legislative reservation, courts have generally recognized the right to reject all bids where, as here, the invitation to bid expressly reserved the right of rejection. *J.L. Manta, Inc. v. Braun*, 393 N.W.2d 490, 493 (Minn.1986).

The invitation to bid clearly states that the City reserved the right to reject all bids. Appellant has not cited, and research has failed to disclose, any Minnesota case or statute indicating that a municipality may not reserve the right to reject all bids. That being so, the express reservation by the City is sufficient to give it the right reasonably to reject all bids in the expectation of getting lower bids on rebid.

It is for the courts to determine whether officials, in the exercise of their discretion to reject bids, have acted in an arbitrary, capricious, or unreasonable manner. *Griswold v. Ramsey County*, 242 Minn. 529, 535, 65 N.W.2d 647, 651–52 (1954). This court has recently stated the criteria for review as follows:

> [T]he court focuses on whether the contractors were given an equal opportunity to bid and whether the process gave the taxpayers the best bargain for their money.

*Schwandt Sanitation v. Paynesville*, 423 N.W.2d 59, 64 (Minn.App.1988). Those criteria were met in this case and the City did not engage in an improper bidding practice when it rejected all bids and readvertised the project.

### DECISION

The City acted within its contractual powers and did not act improperly when it rejected all bids and rebid the project. Therefore, the trial court correctly denied Ryan's motion for a permanent injunction.

Ryan's request for bid preparation costs and attorney fees is denied.

Affirmed.